In the Matter of the Worker's Compensation Claim of Leslie BAGSHAW.

Leslie BAGSHAW, Appellant (Employee–Claimant),

v.

CIRCLE H OILFIELD SERVICE, Appellee (Employer–Defendant).

No. 87–248.

Supreme Court of Wyoming.

May 5, 1988.

Timothy O. Beppler of Vehar, Beppler, Jacobson, Lavery & Rose, P.C., Evanston, for appellant.

Dennis W. Lancaster of Phillips, Lancaster & Thomas, P.C., Evanston, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This is an appeal from a judgment denying benefits to appellant Leslie Bagshaw under the Wyoming Worker's Compensation Act, §§ 27–14–101 through 27–14–804, W.S.1977.

We affirm.

Appellant raises a solitary issue:

"WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE TRIAL COURT'S FACTUAL DETERMINATION THAT APPELLANT WAS NOT INJURED IN THE COURSE OF HIS EMPLOYMENT WITH APPELLEE?"

On February 6, 1987, appellant filed an employee's injury report claiming that he had injured his lower back on December 3, 1986, while he was employed by appellee Circle H Oilfield Service, and he subsequently applied for temporary total disability benefits, medical expenses, and other benefits. On March 30, 1987, appellee filed a written objection to the award of any worker's compensation benefits to appellant. Appellant responded to this objection, and, after completion of discovery, the matter came on for hearing before the trial court on August 28, 1987. On September 14, 1987, the trial court entered a judgment which stated in applicable part:

"The Court, after considering the evidence presented at the trial, and having considered all facts pertaining to this issue, does find generally in favor of the Employer/Contestant, and finds that the injury complained of by the Employee/Claimant did not arise out of and was not in the course of his employment while employed by the Employer/Contestant. The Court therefore does find generally in favor for the Employer/Contestant and against the Employee/Claimant.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Judgment shall be entered in behalf of the Employer/Contestant against the Employee/Claimant and it being ordered that the Employee/Claimant shall not be entitled to any benefits under the Wyoming Workers' Compensation Law since the injury complained of by the Employ-

ee/Claimant did not arise out of and was not in the course of his employment with the Employer/Contestant, Circle H Oilfield Service."

This appeal followed.

Recently, in *Leonard v. McDonalds of Jackson Hole*, Wyo., 746 P.2d 1261, 1262 (1987), quoting from *State ex rel. Worker's Compensation Division v. Lewis*, Wyo., 739 P.2d 1225, 1226 (1987), we enunciated the standard of review which we apply when we are presented with a question of sufficiency of the evidence:

" 'In reviewing the sufficiency of the evidence to support findings of fact by the trial court, this court will examine only the evidence favorable to the prevailing party and give to it every favorable inference. When examined under this standard, if there is substantial evidence to support the factual findings by the trial court, its order will not be disturbed.' "

We also stated that, "in a worker's compensation case, the claimant has the burden of proof on the essential elements of the claim by a preponderance of the evidence." 746 P.2d at 1263.

Appellant claims that, while he was helping lift a section of pipe, he felt a sharp pain which caused him to drop to his knees for a period of approximately two minutes. However, according to the evidence presented at trial, none of the other crew members present recalled seeing appellant fall to his knees or recalled feeling the pipe drop. Appellant's co-employees, boss, and supervisor testified further that, even though appellant complained to them the same day about his back hurting, appellant refused to be relieved by another employee and continued to work for the remainder of the day. The evidence also indicates that appellant worked eleven and one-half hours the following day and that he continued to work until January 7, 1987, his last day of employment with appellee, without complaining to his supervisor or boss about his back hurting or about being injured. In addition, appellant went bowling on the evening he allegedly injured his back, and he continued to bowl without any visible

back pain on Wednesday evenings and Thursday mornings until mid-April 1987 when the bowling league activities ended. Appellant also did not file his claim until February 6, 1987, approximately a month after his employment was terminated due to a reduction in business.

We stated in *State ex rel. Wyoming Worker's Compensation Division v. Van Buskirk*, Wyo., 721 P.2d 570, 571 (1986), quoting from *Western Power Service & Construction v. Van Matre*, Wyo., 657 P.2d 815, 816 (1983), that:

" 'Whether an injury arises out of and in the course of employment is a question for the trier of fact in a worker's compensation case. The burden is on the worker to prove that his injury arose in the course of employment. There must be some substantial competent evidence to warrant the trier of fact drawing such an inference.' "

We have reviewed the evidence in the light most favorable to the trial court's finding and hold that there is substantial evidence to support the result. While appellant sufficiently substantiated that he had incurred a back injury, he failed to prove by a preponderance of the evidence that such back injury arose out of and in the course of his employment.

Affirmed.