Keith C. KENNEDY,
Appellant (Plaintiff),

v.

Melanie KENNEDY, Appellee
(Defendant).

No. 88–103.

Supreme Court of Wyoming.

Sept. 23, 1988.

Rehearing Denied Oct. 6, 1988.

---

John A. Thomas of Phillips, Lancaster & Thomas, P.C., Evanston, for appellant.

Mark W. Harris of Harris & Morton, Evanston, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Appellant Keith C. Kennedy (husband) challenges a divorce decree entered March 22, 1988. He argues that the district court unfairly divided assets and obligations from his marriage to appellee Melanie Kennedy (wife). The issue raised in his initial brief was:

> Whether the district court abused its discretion by inequitably dividing the property and debts of the parties in light of the amounts awarded to appellee for child support and alimony.

In his reply brief husband also argued:

> Whether the district court abused its discretion by substituting its individual and extrajudicial knowledge for proof of facts not judicially cognizable.

We reverse and remand based on the argument contained in the reply brief.

The parties married on November 9, 1979, in Randolph, Utah. At that time husband was twenty years old, had a high school education, and had been trained as a welder in a Utah trade school. He had been welding for F.M.C. Corporation since finishing trade school. Wife was eighteen years old and had a high school education.

The parties had three sons born in 1980, 1983, and 1985. During the eight year marriage, wife worked in the home as a housewife and also had various part-time and temporary full-time jobs that paid near minimum wage. Husband continued to work for F.M.C. Corporation throughout the marriage. An F.M.C. pay stub showed that husband's gross income through July of 1987 was $25,807.69. Husband testified that he might be able to earn overtime in his job, but that the amount of overtime possible would vary and could not be predicted.

The parties accumulated personal and real property during their marriage including a 1971 pickup truck and camper, a 1979 Ford Pinto, a 1983 Chevrolet Blazer, various household appliances, two snowmobiles and other recreational items, miscellaneous household and personal items, and a family residence on a five-acre parcel of real estate. They bought land using a $3,000 gift from husband's father and a $17,000 loan from the First State Bank of Lyman. The parties completed and furnished the home in 1987. They paid for it with a $7,000 loan from wife's grandmother, $2,250 in proceeds from the sale of a mobile home they had on the property, and a $72,000 mort-

gage on the home from the First Wyoming Bank of Evanston. At the time the divorce decree was entered the parties owed wife's grandmother $4,000, and just under $72,000 to the bank on the mortgage debt. Other debts owed by the parties at that time totaled approximately $3,148, including $2,000 on the 1983 Blazer.

By the summer of 1987, irreconcilable differences had arisen between the parties. On August 19, 1987, husband filed a complaint for divorce. Wife answered two days later, and the case was tried on December 3, 1987. On December 7, 1987, the district court filed its decision letter in the case asking wife to submit a proposed decree. Wife did so on December 16, and husband filed objections to the proposed decree the next day. The district court filed additional decision letters on December 29, 1987, and January 20, 1988. After more correspondence with the trial court in February, 1988, a final divorce decree was entered on March 22, 1988.

That decree granted wife custody of the children and monthly child support totaling the greater of either $200 per month per child or twenty-five percent of husband's net income. Husband was ordered to pay for medical insurance covering the children. Husband received one acre of the real property and the house on it. He was also ordered to pay the mortgage debt on the house along with the rest of the marital debt. Husband also received modest funds in the parties' personal checking and savings accounts and was allowed to claim two of the children as dependents for federal income tax purposes. The district court awarded wife alimony for five years totaling the greater of either $250 per month or ten percent of husband's net income. She also received four acres of the real property, unencumbered, and none of the outstanding debt listed above. The court gave husband the option to purchase this four acres from wife for $2,000 per acre in cash and to have that amount credited against alimony. He never exercised that option. The district court also gave wife the 1983 Blazer and the 1979 Pinto and one of the children as a dependent for federal income tax purposes. The court divided other personal property item by item, and the parties split their 1987 federal income tax refund.

In this court husband challenges the decree by arguing in his initial brief that the property division was inequitable and reflected an abuse of district court discretion. Wife asserts the property division was fair based on the information before the trial court, and that we must defer to its findings and conclusions. In husband's reply brief, he claims the trial court improperly used its own personal opinion of land value to support its finding of the value of the four acres it awarded to wife. Husband asserts no other evidence existed in the record to support the $2,000 per acre value assigned to that land by the trial court. Wife moved to strike the reply brief under W.R.A.P. 5.03, as raising an issue not raised by her brief. This court considered that motion and allowed the appeal to proceed.

▆ The controlling statute in this case, W.S. 20-2-114 (June 1987 Repl.), provides:

> In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children. The court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by either party.

A trial court determines the disposition of marital property and alimony under this statute as an exercise of its sound discretion. *Broadhead v. Broadhead*, 737 P.2d 731, 739–740 (Wyo.1987) (citing *Paul v. Paul*, 616 P.2d 707 (Wyo.1980)). This court is not a forum of first impression in divorce

cases, and we will not interfere with the trial court's property division and alimony decisions unless the record clearly shows an abuse of trial court discretion. *Id.* We define judicial discretion as "a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. [Citation.]" *Martin v. State,* 720 P.2d 894, 897 (Wyo.1986). Further, we review the evidence on appeal in favor of the successful party below, ignoring the evidence of the unsuccessful party, and granting the successful party every reasonable inference that can be drawn from the record. *Grosskopf v. Grosskopf,* 677 P.2d 814, 818 (Wyo.1984).

■ These standards of review work in concert with the fundamental principle that a trial court's findings must be supported by sufficient evidence in the record. We have stated many times, in many different types of civil cases, that this court will not redecide questions of fact where sufficient evidence exists upon which the trial court could rationally base its findings. See, e.g., *Wyoming Sawmills, Inc. v. Morris,* 756 P.2d 774, 775 (Wyo.1988); *In the Matter of Bagshaw,* 753 P.2d 1044, 1045 (Wyo. 1988); *Miles v. CEC Homes, Inc.,* 753 P.2d 1021, 1023 (Wyo.1988) (citing *Kvenild v. Taylor,* 594 P.2d 972, 976 (Wyo.1979)). A finding rendered without sufficient evidence, however, is erroneous and constitutes an abuse of discretion under the *Martin* standard. *Miles,* 753 P.2d at 1022. This court may review a trial court's finding of fact in this context, even absent an objection lodged against the finding below, based on the plain language of W.R.C.P. 52(a). See also 9 C. Wright and A. Miller, Federal Practice and Procedure, § 2581 at 720–721 (1971 & Supp.1987).

■ In this case a finding pivotal to the trial court's division of the marital real property was the value of the four acres given to wife. Husband presented evidence to the trial court suggesting that the value of that land should be the price the couple paid for it as evidenced by the loans

and gifts they had applied to its purchase. Wife did not introduce *any* evidence to show what the value of the four acres was. In its third decision letter in the case the trial court made the following finding:

> Mrs. Kennedy shall be awarded alimony in the sum of $250.00 per month or 10% of Plaintiff's net income, whichever is greater. To secure the payment of alimony and child support, the 4 acres which are free and clear of debt shall be set over unto Mrs. Kennedy. Plaintiff shall be given credit against the alimony in the sum of $3,000.00 *Judge Troughton owns property within several miles of Robertson, Wyoming and the Court relies upon Judge Troughton's knowledge and experience of land values in the area, rather than on the opinions of Mr. and Mrs. Kennedy. The court rejects a price of $3,000 to $4,000 per acre for the land. Such prices were not even common in this area during the boom. Judge Troughton would like to obtain $3,000 an acre for his land.* If Plaintiff desires, he may have the 4 acres, provided he pays Mrs. Kennedy $2,000 per acre, a total of $8,000 cash, which shall be credited against alimony. (Emphasis added.)

■ This finding is entirely without evidentiary basis in the record. Perhaps the court was attempting to take judicial notice of land values in the Robertson, Wyoming, area. A land value is clearly not the type of adjudicative fact of which a trial court can take judicial notice. W.R.E. 201, explained in *Nuspl v. Nuspl,* 717 P.2d 341, 343–344 (Wyo.1986).

Because the finding of land value is without any evidentiary support and is based upon extrajudicial information, it is clearly erroneous and must be reversed. The finding of land value is critical to a "just and equitable" disposition of the marital property in this case; therefore, we reverse the decree and remand the case to the trial court for a further hearing on the value of the four acres and a new decree based on the evidence presented.

Reversed and remanded.

THOMAS, J., filed a dissenting opinion.

THOMAS, Justice, dissenting.

I would affirm the judgment of the district court in this instance. For that reason, I must dissent from the decision represented by the opinion of the majority. In my judgment, the decree entered by the district court fits well within the range of discretion suggested by the pertinent language of § 20-2-114, W.S.1977 (June 1987 Repl.), which is:

" * * * The court may decree to either party reasonable alimony out of the estate of the other having regard for the other's ability and may order so much of the other's real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by either party."

The four acres of land are addressed and disposed of in paragraph ten of the divorce decree which is the alimony paragraph. The wife is awarded alimony in the sum of $250 per month or ten percent of the plaintiff's net income, whichever is greater, but the award is limited to five years and ends upon the husband's death, the wife's remarriage, or upon the event of her cohabitation with another man. At the rate of $250 per month for five years, the maximum alimony that the wife could receive would be $15,000. She could receive more according to the court's definition of net income which is found in the same paragraph of the decree. The trial court then proceeded to award the four acres of land to the wife, subject to a proviso that the husband could purchase the land from her for $8,000. If he should exercise that option, the full $8,000 is credited against the alimony payments. If the husband chooses not to purchase the four acres for $8,000, the land is awarded to the wife with a proviso that the husband receive a credit of $3,000 against the alimony payments. It is obvious that the court was endeavoring to provide a cash advance to the wife for her needs which the alimony award addressed. Under the circumstances, I do not agree that the value of the four acres is as material as the majority perceives it to be, treating it as a division of property. The husband asserted the value to be greater than the court believed, and he is afforded the opportunity to capture the larger value. If his opinion is correct, he should pay the $8,000 to the wife and obtain title to the four acres. In fact, if the land is worth anything at all, he should pay the $8,000, receive credit against the alimony that he owes, and retain whatever value is attributable to the property.

While I do not quarrel with the fact that land value is not an adjudicative fact of which a trial court can take judicial notice, I do not perceive that using the property in the way that the court did for purposes of inducing the payment of alimony or as part payment for alimony results in an abuse of discretion simply because the court made an indiscrete comment in its decision letter. The comment in the decision letter is not repeated in the divorce decree, nor are the decision letters adopted by reference in the decree of divorce. Consequently, the matter which the majority treats as dispositive does not seem to be relevant with respect to operation of the decree.

As I have indicated, I would affirm the judgment of the district court in this regard even though I do not approve of the utilization of judicial notice with respect to land values, particularly if premised upon the personal knowledge of the judge. I see absolutely no purpose in reversing this judgment and remanding it for a further hearing. The parties will have to employ an expert to provide an opinion with respect to the value of the property and will have to absorb the further expenses of litigation. That determination of value will probably have no substantial impact upon the approach taken by the trial court in endeavoring to secure the payment of the alimony. The expense seems an unwarranted price for the parties to absorb in order for this court to discipline the trial judge for this indiscretion.

In retrospect, it is clear that we should have granted the appellee's motion to strike the reply brief in this case. I think we permitted it simply because of an assumption that it really would not make any difference in our consideration of the case.

Now we have made the point raised in the appellant's reply brief case dispositive without affording the appellee an opportunity to respond by oral argument or otherwise. I question the fundamental fairness of that approach.

I would affirm the judgment of the district court.