**Letty K. HEPP, Appellant (Petitioner Employee–Claimant),**

v.

**The STATE of Wyoming ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Respondent Objector–Defendant),**

**and**

**Bazel's Diner, Appellee (Respondent Employer–Defendant).**

No. 94–20.

Supreme Court of Wyoming.

Sept. 23, 1994.

Rene Botten of Northern Wyoming Law Associates, Sheridan, for appellant.

Kenneth E. Spurrier, Sr. Asst. Atty. Gen., for appellee Wyoming Workers' Compensation Div.

M. Greg Carlson of Drew & Carlson, Gillette, for appellee Bazel's Diner.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Letty K. Hepp sought review in the district court of the hearing examiner's order which denied her request for worker's compensation benefits. The district court certified the case to the Supreme Court for review.

We affirm.

### ISSUES

Hepp presents the following issues:

I. Is the *Findings of Fact, Conclusions of Law and Order* of the administrative law judge denying the award of benefits arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law?

II. Is the *Findings of Fact, Conclusions of Law and Order* of the administrative law judge denying the award of benefits unsupported by substantial evidence and contrary to the weight of the evidence?

## FACTS

Hepp was employed as a cook for Appellee Bazel's Diner in Sheridan, Wyoming. On April 29, 1993, Hepp reported to her supervisor that she had injured her back when, as part of her work duties, she lifted a rubber floor mat. Although she continued to experience pain, she completed her work shift at the restaurant.

After Hepp had left work, a friend took her to the emergency room at a local hospital. The emergency room physician examined her and concluded that she had suffered a severe muscle strain with some possible nerve involvement.

The next day, Hepp filed her report of injury and requested worker's compensation benefits. She indicated in her report that, while she was at work, she had injured her neck, left arm, and lower back. On May 5, 1993, Bazel's Diner filed its report in which it asserted that Hepp's injury had not occurred while she was at work.

The Workers' Compensation Division denied Hepp's application for worker's compensation benefits, stating: "The Division has received an objection to your case from your employer. It has come to our attention that you actually injured yourself prior to April 29, 1993 lifting bales of hay." Hepp objected to the Workers' Compensation Division's determination and requested that a contested case hearing be held so that a determination could be made as to whether she was entitled to receive benefits.

A contested case hearing was held in September 1993. Hepp presented several witnesses who testified that, to their knowledge, Hepp had not been injured before the April 29, 1993, incident which occurred while she was at work. The Workers' Compensation Division called S. Kit Carson, D.C., a chiropractor, as a witness, and he testified that he had treated Hepp five times between April 13, 1993, and April 29, 1993, for discomfort in her neck, left shoulder, and arms.

The hearing examiner issued his decision letter on November 8, 1993, in which he ruled that Hepp was not entitled to receive worker's compensation benefits. He found that some of Hepp's witnesses were not credible and that those who were credible generally did not testify about matters of substance. Subsequently, an order entitled "Findings of Fact, Conclusions of Law and Order," which incorporated the rulings made in the decision letter, was entered.

Hepp filed her petition for review of the hearing examiner's decision with the district court, and the district court certified the case to us pursuant to W.R.A.P. 12.09(b).

Hepp contends that two issues exist on appeal. However, we are convinced that, after having reviewed her arguments, only one issue exists: Whether substantial evidence supported the hearing examiner's conclusion that Hepp did not meet her burden of proving that her injury occurred during the course of her employment.

## STANDARD OF REVIEW

When we are reviewing cases which have been certified to us pursuant to W.R.A.P. 12.09(b), we apply the appellate standards which are applicable to the reviewing court of the first instance. *Pinther v. State Department of Administration and Information,* 866 P.2d 1300, 1302 (Wyo.1994). Whether an employee's injury occurred in the course of her employment is a question of fact. *See Dougherty v. J.W. Williams, Inc.,* 820 P.2d 553 (Wyo.1991). We review factual issues by applying the substantial evidence standard. WYO.STAT. § 16–3–114(c)(ii)(E) (1990).

"Our task is to examine the entire record to determine if substantial evidence exists to support the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner if his decision is supported by substantial evidence. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions." *Romero v. Davy McKee Corporation,* 854 P.2d 59, 61 (Wyo.1993) (citing *Farman v. State ex rel. Wyoming Workers' Compensation Division,* 841 P.2d 99, 102 (Wyo.1992)).

*Bearden v. State ex rel. Wyoming Workers' Compensation Division,* 868 P.2d 268, 269 (Wyo.1994), *quoted in Gilstrap v. State ex*

*rel. Wyoming Workers' Compensation Division,* 875 P.2d 1272, 1273 (Wyo.1994). "The claimant has the burden of proving each essential element of her claim by a preponderance of the evidence." 875 P.2d at 1273 (citing *Leonard v. McDonalds of Jackson Hole,* 746 P.2d 1261, 1263 (Wyo.1987)). "The party who appeals from an administrative determination has the burden of proving the lack of substantial evidence to sustain the ruling of the agency." *Jaqua v. State ex rel. Wyoming Workers' Compensation Division,* 873 P.2d 1219, 1221 (Wyo.1994).

### DISCUSSION

■ The hearing examiner found in pertinent part as follows:

### FINDINGS OF FACT

1. That the testimony of [Hepp's] witnesses Prado, Winterholler, Shaffer, Kuzara and Kawulok was not credible and [was] unsubstantial and, in any event, did not offer much, if anything, to the substance of the issues in the case, . . . .

. . . .

11. Most significantly, in April of 1993, she first saw Dr. Carson on April 13, 1993. His notes from that visit indicate that on March 26, 1993 [Hepp] "lifted a heavy laundry basket at home—the left shoulder hurt. Now both arms go to sleep. Hot pain down the left arm."

12. On her next visit to Dr. Carson on April 16, 1993, he notes "3:00 A.M. this morning left arm started hurting again."

13. Although Dr. Carson made no diagnostic observations when [Hepp] next visited him on April 19, 1993, her visit on April 23 prompted the following note from Dr. Carson:

"Still numb in left hand—arm feels better."

14. Most significantly, on April 29, 1993, the Claimant visited Dr. Carson's office at 8:45 A.M. His notes for that date indicate:

"Neck and shoulders hurt. Arms go to sleep and can't lift them without pain."

15. On direct examination, Dr. Carson testified that her condition had worsened between April 23, 1993 and when he saw her at 8:45 A.M. on April 29, 1993.

16. [Hepp] testified that the alleged injury at her work occurred at approximately 4:30 P.M. on April 29, 1993.

. . . .

### CONCLUSIONS OF LAW

Based upon the above findings, this Hearing Officer concludes:

. . . .

3. From all of the evidence, this Hearing Officer concludes that at 8:45 A.M. on April 29, 1993, [Hepp] had a preexisting injury, which had been treated by Dr. Carson on five separate occasions beginning on April 13, 1993.

. . . .

6. . . . .

In the case currently before this Hearing Officer, virtually all of the evidence (rather than a mere "scintilla") compels the conclusion that on the very day in question, and before even going to work, [Hepp] was suffering to such a degree that her health care provider noted "neck and shoulders hurt, arms go to sleep and can't lift them without pain." . . .

7. Based upon the above, this Hearing Officer concludes:

a. That [Hepp's] activities at work on April 29, 1993 did not constitute a material aggravation [of a preexisting condition];

b. That the only medical testimony proffered by [Hepp], from Dr. Nickerson, was a bald statement, without any foundation whatsoever, that her condition "was not a pre[ ]existing condition";

c. That such testimony is not persuasive.

The hearing examiner, therefore, denied Hepp's claim for worker's compensation benefits. On appeal, Hepp argues that the hearing examiner's conclusion that she had a preexisting condition which had not been materially aggravated by her work activities was not supported by substantial evidence. We do not agree with Hepp's argument.

Hepp did not meet her burden of proving that her injury was related to her activities at work.

"In order to prevail before the hearing examiner, [the employee] was charged with demonstrating an injury, arising from [her] employment, while at work." *Jaqua*, 873 P.2d at 1221. Preexisting conditions are excluded from the definition of "injury" in WYO. STAT. § 27–14–102(a)(xi)(F) (Supp.1993):

> (xi) "Injury" means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business. "Injury" does not include:

> . . . . .

> (F) Any injury or condition preexisting at the time of employment with the employer against whom a claim is made.

However,

> Preexisting disease or infirmity of the employee does not disqualify a claim under the "arising out of employment" requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought.

1 ARTHUR LARSON, THE LAW OF WORKMEN'S COMPENSATION § 12.21 at 3–381 (1990). *See Romero v. Davy McKee Corporation*, 854 P.2d 59, 61 (Wyo.1993).

In this case, substantial evidence was presented at the contested case hearing to support the hearing examiner's conclusions that Hepp's injury did not occur in the course of her employment and that her employment activities did not materially aggravate her preexisting condition. Dr. Carson testified that he had treated Hepp five times between April 13, 1993, and April 29, 1993, for discomfort in her neck, back, left shoulder, and left arm. His medical records revealed that Hepp had told him at the initial appointment on April 13, 1993, that she had injured herself while she was lifting a heavy laundry basket at her home on March 26, 1993. Hepp admitted that she had received chiropractic treatments from Dr. Carson to keep her back in alignment.

Hepp contends that the hearing examiner's decision to disregard much of the testimony offered by her witnesses was improper. We do not agree. In *Creek v. Town of Hulett*, 657 P.2d 353 (Wyo.1983), we stated:

> The testimony in this record may be subject to varying interpretations, but we will not usurp the function of the [trier of fact] in making factual findings with respect to this case. It is the duty of the trier of fact to weigh and evaluate the testimony of the witnesses, including that given by experts. . . . [The trier of fact] "was the sole judge of the credibility of the witnesses and was entitled to interpret the evidence." *Ward v. Yoder*, Wyo., 355 P.2d 371, 374 (1960).

657 P.2d at 357. On appeal, we will not "invade the province of the trier of fact by reaching a different conclusion." *Id.*

CONCLUSION

The hearing examiner's decision to deny Hepp's request for worker's compensation benefits was supported by substantial evidence.

Affirmed.