**In the Matter of the Worker's Compensation Claim of Dennis R. JACKSON, Appellant (Petitioner),**

v.

**J.W. WILLIAMS, INC., Appellee (Respondent).**

**No. 94–99.**

Supreme Court of Wyoming.

Dec. 13, 1994.

---

Patrick Dixon, Casper, representing appellant.

Thomas F. Reese of Brown & Drew, Casper, representing appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Dennis R. Jackson (the employee) appeals from the district court's order which affirmed the hearing examiner's denial of the employee's request for additional benefits after the employee underwent a third back surgery in 1993 which he claimed was necessary because of, and due solely to, a 1987 work-related injury.

We affirm.

## ISSUES

The employee presents three issues:

1. Amended by 1994 Wyo.Sess.Laws ch. 86, § 2

A. Was the decision of the Administrative Law Judge contrary to law; that is, did the Administrative Law Judge take into consideration, and thus base his decision on factual issues which had been resolved, and were *res judicata* as to this proceeding?

B. Was the Administrative Law Judge's determination that the March 22, 1993 surgery was not attributable solely to the 1987 injury unsupported by substantial evidence?

C. Was the Administrative Law Judge's decision to wholly disregard the testimony of the Appellant and Appellant's treating physician based upon a perceived lack of credibility, arbitrary, capricious or an abuse of discretion?

## FACTS

The employee injured his back in August 1987 while he was working as a welder for Appellee J.W. Williams, Inc. (the employer). The employee underwent two back surgeries: one in 1987 and one in 1989. He received medical benefits for both surgeries and both temporary total and permanent partial disability benefits.

In March 1993, the employee underwent a third back surgery, after which he applied for additional medical benefits and temporary total disability benefits. *See* Wyo.Stat. § 27-14-605(a) (1991).[1] The employer objected to the employee's request for additional benefits. After the Office of Administrative Hearings held a hearing, the hearing examiner denied the employee's request for additional benefits.

The employee filed a petition for review in the district court, and the district court affirmed the hearing examiner's decision. The employee appealed to this Court.

## FINALITY

The employee claims that the hearing examiner's decision was contrary to the law because the hearing examiner disregarded the concepts of *res judicata* and finality. He asserts that the hearing examiner concluded

effective July 1, 1994.

the 1987 injury was not work related and, therefore, the 1993 surgery was not due solely to a work-related injury. The record does not substantiate this assertion.

At the hearing, the employee denied that he had experienced back problems prior to 1987. In order to attack the employee's credibility, the employer offered evidence which revealed that, prior to 1987, the employee had sustained two similar injuries. The hearing examiner stated that the issue of whether the 1987 injury was work related was not being decided, and he admitted the employer's evidence for other purposes. He found:

> 3. One of the issues in this case was to what extent the Employer–Objector could object to the benefits being claimed, and what issues were res judicata. This Office finds that an employer may object and is entitled to dispute whether a new claim is causally related to the previous industrial accident or whether it is attributable to some other event: The fact the Claimant was injured on August 17, 1987, while working for the Employer/Objector J.W. Williams, Inc., in this case, is something which has been previously established, and can not be contested in this proceeding.

(Citation omitted.) The hearing examiner treated the determination that the original injury was work related as being final. The employee's claim is, therefore, without merit.

### BURDEN OF PROOF

 The employee asserts that he was entitled to be awarded additional benefits because his 1993 surgery was solely attributable to the 1987 injury and that the hearing examiner's decision to disregard the testimony of the employee and his treating physician was arbitrary and capricious. Specifically, the employee argues that the hearing examiner's decision was not supported by substantial evidence. We disagree.

 Worker's compensation recipients may be awarded additional benefits.

> (a) If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party with-

in four (4) years from the date of the last payment for additional medical and disability benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud.

Section 27–14–605(a). Employees who are seeking additional benefits pursuant to § 27–14–605(a) have the same burden of proof as they had in their original worker's compensation claims. *Warehime v. State ex rel. Wyoming Workers' Compensation Division*, 806 P.2d 292, 295 (Wyo.1991). Employees must demonstrate by a preponderance of the evidence that, through an increase in incapacity due solely to the injury, they are entitled to be awarded additional benefits. 806 P.2d at 295–96. Whether an increase in incapacity is due solely to the original work-related injury is a question of fact. *See Hunteman v. Ward Transport, Inc.*, 706 P.2d 1126, 1129 (Wyo. 1985); *see also Padilla v. Lovern's, Inc.*, 883 P.2d 351, 354 (Wyo.1994). We review factual issues by applying the substantial evidence standard. WYO.STAT. § 16–3–114(c)(ii)(E) (1990).

> Our task is to examine the entire record to determine if substantial evidence exists to support the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner if his decision is supported by substantial evidence. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions.

*Romero v. Davy McKee Corporation*, 854 P.2d 59, 61 (Wyo.1993), *quoted in Padilla*, 883 P.2d at 354. "The party who appeals from an administrative determination has the burden of proving the lack of substantial evidence to sustain the ruling of the agency." *Jaqua v. State ex rel. Wyoming Workers' Compensation Division*, 873 P.2d 1219, 1221 (Wyo.1994).

> We have held that the finder of fact is not bound by the medical evidence and that he is entitled to consider relevant factors other than the medical evidence. The fact finder is in the best position to judge both the claimant's credibility and

the weight to be given to the medical evidence.

*Padilla*, 883 P.2d at 355 (citations omitted).

The orthopedic surgeon who performed the employee's 1993 back surgery testified that, in his opinion, the problems which resulted in the employee requiring the 1993 surgery were related to the employee's 1987 injury. On cross-examination, in response to a series of hypothetical questions, the surgeon speculated that, if, after his first two surgeries, the employee had reinjured his back in an automobile accident, by shoveling snow, or by lifting a heavy load, the new injury could have led to the 1993 surgery. The hearing examiner did not consider the surgeon's speculative testimony when he made his decision.

The surgeon based his opinion that the 1993 surgery was related to the employee's 1987 injury on the information which the employee had provided in his patient's history. In that history, the employee did not report that any new injury had occurred after the first two surgeries had been performed. The employee also testified at the hearing that he had not done anything to reinjure his back after he underwent his first two surgeries. The employer, however, presented evidence which indicated that between 1987 and 1993 the employee had worked at a liquor store against his doctor's orders and that in December 1992 the employee had experienced soreness in his lower back after he had shoveled snow.

The hearing examiner found:

7. In considering all of the evidence, this Hearing Examiner is not convinced, even to a degree of probability, as to the relationship between the March 22, 1993 surgery and the work-related injury of August 17, 1987. This lack of being convinced is a result of the lack of credibility of the [employee]. When a [c]laimant is not credible, it creates doubts, which, if significant enough, make it difficult to award benefits. In this case, the lack of credibility has created sufficient doubts so as to result in a denial of benefits. It

seems just as likely, or even more so, that with regard to the March 22, 1993 surgery, the [employee] substantially aggravated or injured his back from activities such as shovelling snow or working at [a liquor store], rather than as a result of his work injury of August 17, 1987.

The hearing examiner was in the best position to judge both the employee's credibility and the weight to be given to the surgeon's testimony, especially since the surgeon had based his testimony on information which had been provided by the employee. The hearing examiner's decision to disregard the testimony of the employee and his treating physician was not arbitrary, capricious, or an abuse of discretion, and his conclusion that the employee had failed to meet his burden of proof was supported by substantial evidence. Wyo.Stat. § 16–3–114(c)(ii)(A), (E) (1990).

## MOTION TO AMEND CLAIM

The employee asks this Court to allow him to amend his claim for relief on appeal to request that, if we reverse the district court's decision, we remand with instructions to refer the case to a medical hearing panel pursuant to Wyo.Stat. § 27–14–616(b)(iv) (Supp. 1994). Because we are affirming the district court's decision, we have no reason to grant this motion; therefore, we order that the employee's Motion to Amend Claim for Relief on Appeal be, and hereby is, denied.

## CONCLUSION

We hold that the district court did not err when it affirmed the hearing examiner's decision to deny the employee's request for additional benefits.

Affirmed.