In the Matter of the Workers' Compensation Claim of Bradley W. CORMAN, an Employee of Consolidated Freightways.

Bradley W. CORMAN, Appellant (Petitioner),

v.

STATE of Wyoming, ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Respondent).

No. 95–43.

Supreme Court of Wyoming.

Jan. 8, 1996.

Bert T. Ahlstrom, Jr. and Jennifer Ann Cudworth, Cheyenne, for appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Jennifer A. Evans, Assistant Attorney General, Cheyenne, for appellee.

Before THOMAS, MACY, TAYLOR and LEHMAN, JJ., and VOIGT, D.J.

VOIGT, District Judge.

This case has been certified directly to this Court from the Office of Administrative Hearings. Appellant contests the hearing examiner's conclusion that Appellant bore the burden of proving his injury was not the result of a preexisting condition, and the hearing examiner's finding that he failed to meet such burden.

We affirm.

## FACTS

In 1984, Appellant suffered a work-related injury to his neck, for which he received worker's compensation benefits from the State of Colorado. In 1991, seven years later, while working for Consolidated Freightways in Wyoming, he had another work-related accident. He again sought worker's compensation benefits, this time alleging both shoulder and neck injuries. The Division approved and paid the claims related to the shoulder injury, but denied those associated with the neck injury. Upon Appellant's timely objection to the denial, the matter was referred to the Office of Administrative Hearings. On December 9, 1994, the hearing examiner issued a Decision Letter and Order Denying Benefits. The denial was premised upon the hearing examiner's observation that, from the evidence, he could not determine whether Appellant's neck problems were caused by the Wyoming accident or were preexisting.

## ISSUES

The issues before the Court, stated somewhat differently than by the parties, are as follows:

1. Does Appellant's burden of proving a compensable injury include the burden of proving that such was not a preexisting condition?

2. If the answer to the first question is "yes," did Appellant in this case meet his burden of proof?

## DISCUSSION

### Burden of Proof

■ This Court has found in numerous instances that a worker's compensation claimant has the burden of proving that he has experienced a compensable injury. *In re Scrogham,* 52 Wyo. 232, 252, 73 P.2d 300, 307 (1937); *Gifford v. Cook–McCann Concrete, Inc.,* 526 P.2d 1197, 1199 (Wyo.1974); *Black Watch Farms v. Baldwin,* 474 P.2d 297, 298 (Wyo.1970). Such proof must amount to a preponderance of the evidence. *Hepp v. State ex rel. Workers' Comp. Div.,* 881 P.2d 1076, 1078 (Wyo.1994); *Alco of Wyoming v. Baker,* 651 P.2d 266, 267 (Wyo.1982).

This general rule has been applied in cases involving all sorts of issues: *Bemis v. Texaco, Inc.,* 400 P.2d 529, 531 (Wyo.1965), *reh'g denied,* 401 P.2d 708 (1965) (time of disability and cause thereof); *In re Hardison,* 429 P.2d 320, 322 (Wyo.1967) (time of injury, cause and relation to employment); *Jennings v. C.M. & W. Drilling Co.,* 77 Wyo. 69, 73–74, 307 P.2d 122, 124 (1957) (extent of injury); *Bearden v. State ex rel. Wyoming Workers' Comp. Div.,* 868 P.2d 268, 270 (Wyo.1994) (causal connection between injury and course of employment); *Matter of Van Matre,* 657 P.2d 815, 816 (Wyo.1983) (course of employment); *Higgins v. State ex rel. Wyoming Worker's Comp. Div.,* 739 P.2d 129, 131 (Wyo.1987), *cert. denied,* 484 U.S. 988, 108 S.Ct. 508, 98 L.Ed.2d 507 (1987) (continuance of benefits); *Rose v. Westates Constr. Co.,* 703 P.2d 1084, 1087–88 (Wyo.1985) (incapacitation); *Seckman v. Wyo-Ben, Inc.,* 783 P.2d 161, 170 (Wyo.1989) (impairment of earning capacity).

■ The core element of a worker's burden of proof is to show a compensable **injury**. That term is defined in detail in Wyo.Stat. § 27–14–102(a)(xi). At issue in the instant case is not the definition itself, but the specific exception for preexisting conditions. The statute read in pertinent part as follows at the time of the 1991 incident:

(xi) "Injury" means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, **arising out of and in the course of employment....** **"Injury" does not include:**

. . . .

(F) **Any injury or condition preexisting** at the time of employment with the employer against whom a claim is made.

Wyo.Stat. § 27–14–102(a)(xi) (1991) (emphasis added).

In his decision letter, the hearing examiner reviewed the concept of burden of proof in the specific context of worker's compensation cases, and then reached the following conclusion, which is the animus for this appeal:

This Office concludes that the Division does not have the burden to prove that Corman's neck condition preexisted his August 31, 1991, accident. Rather, Corman's recognized burden to prove that his present neck condition arose out of the work effort with CF necessarily includes, under the circumstances of this case, the burden to establish that the condition did not preexist the August 31, 1991, accident. As previously indicated, the evidence presented fails to persuade this Office as to the actual timing of the occurrence of the C5–6 herniation. For this reason, Corman's claims must fail.

Appellant finds this to be error. He contends that, by setting off preexisting conditions as an exception to the definition of injury in the statute, the legislature intended to create the equivalent of an affirmative defense or bar, the burden of proving which would fall on the employer or the Division. He finds support for this proposition at 82 Am.Jur.2d, *Worker's Compensation,* § 566, and the cases cited therein. Further, he relies on the recognized concept that worker's compensation laws are to be liberally construed in favor of the injured worker. *See In re Hardison,* 429 P.2d at 322.

While Appellant's arguments have a general validity, they cannot be applied in this case to provide him relief. The first problem is his assumption that the existence of a preexisting condition creates an affirmative defense or bar. An "affirmative defense," according to Black's Law Dictionary, is:

In pleading, matter asserted by defendant which, assuming the complaint to be true, constitutes a defense to it. A response to a plaintiff's claim which attacks the plaintiff's **legal** right to bring an action, as opposed to attacking the truth of claim....

Black's Law Dictionary 60 (6th ed. 1990) (emphasis in original).

The same publication defines "bar" as:

In pleading, a special plea, constituting a sufficient answer to an action at law; so called because it **barred, i.e.,** prevented, the plaintiff from further prosecuting it with effect, and, if established by proof, defeated and destroyed the action altogether. Called a special "plea in bar." It may be further described as a plea or peremptory exception of a defendant to destroy the plaintiff's action. Under Fed. Rules Civ.Proc., pleas in bar are abolished in favor of affirmative pleading of defenses in answer.

Black's Law Dictionary, 148 (6th ed. 1990) (emphasis in original).

 In other words, an affirmative defense or bar is a **legal** defense to a claim, as opposed to a **factual** dispute as to an essential element of the claim. The claimant bears the burden of proof as to the latter, while the contestant bears the burden of proof as to the former. This dichotomy is preserved in Wyo.R.Civ.P. 8 and 12, which allow "matter[s] constituting an avoidance" to be heard **as questions of law,** on motion prior to any trial on the merits.

When viewed in this light, the issue of the existence of a preexisting condition is indistinguishable from the central factual issue— did the injury "arise out of and occur in the course of employment?" If the injury resulted from a preexisting condition, rather than from the work-related accident, no compensable injury occurred. Consequently, when there is a conflict in the evidence as to this question, the claimant must prove by a preponderance of the evidence that the injury was work-related and not preexisting.

This specific issue has never been directly addressed by this Court. Results of similar cases in the past, however, have been consistent with this ruling. In 1991, we reversed a district court affirmance of a hearing examiner's denial of a worker's compensation claim. The worker had alleged a work-related back

injury. The hearing examiner and district court agreed that the injury was one that had occurred over a substantial period of time, that WYO.STAT. § 27–14–603 controlled, and that the worker had failed to meet that statute's requirement for "competent medical authority" in support of his claim. *Dougherty v. J.W. Williams, Inc.,* 820 P.2d 553 (Wyo. 1991). On appeal, this Court reversed the hearing examiner's finding that Dougherty "failed to prove his condition arose out of and in the course of his employment and was not a recurrence of a preexisting condition." *Dougherty,* 820 P.2d at 555–56. The reversal was based on the hearing examiner's misapplication of the statute, and upon this Court's determination that there was insufficient evidence in the record to support the finding. The hearing examiner's apparent allocation to the worker of the burden of proof as to the preexisting condition was not criticized. For similar decisions regarding alleged back injuries and alleged preexisting conditions, all of which are affirmances of claim denials, and all of which are consistent with *Dougherty,* see *Padilla v. Lovern's, Inc.,* 883 P.2d 351 (Wyo.1994); *Hepp v. State ex rel. Workers' Comp. Div.,* 881 P.2d 1076 (Wyo.1994); and *Jaqua v. State ex rel. Workers' Comp. Div.,* 873 P.2d 1219 (Wyo.1994).

In seeming conflict with this reasoning, this Court has previously held that the issue of an employee's culpable negligence in causing his own injuries must be raised as an affirmative defense, with the employer bearing the burden of proof on such issue. *Hotelling v. Fargo–Western Oil Co.,* 33 Wyo. 240, 246, 248, 238 P. 542, 544 (1925). Culpable negligence, like preexisting condition, is one of the exceptions to compensable injury found in WYO.STAT. § 27–14–102(a)(xi). A close reading of *Hotelling,* however, reveals a decision precisely in line with our holding today. In *Hotelling,* the Court presupposed an "injury sustained in extrahazardous employment as defined by the statute." In other words, the employee had already presented a *prima facie* factual case of compensability. It then became the employer's burden to prove his legal avoidance theory—his affirmative defense—culpable negligence. That is the same logic applied today in re-

taining the employee's duty to prove a compensable injury.

█ Allocation of the burden of proof is a matter of law. Conclusions of law of an administrative agency are affirmed if they are found to be in accordance with law. *Matter of Cordova,* 882 P.2d 880, 882 (Wyo. 1994); *Aanenson v. State ex rel. Worker's Comp. Div.,* 842 P.2d 1077, 1079 (Wyo.1992). In the instant case, the hearing examiner correctly applied the burden of proof. It is up to Appellant to prove, by a preponderance of the evidence, that his neck injury was a compensable, work-related injury, and not the result of a preexisting condition.

### Substantial Evidence

█ Whether an injury occurred in the course of employment is a question of fact. *Padilla,* 883 P.2d at 354. The standard of review for agency findings of fact is quite different from the standard of review for agency conclusions of law. *Aanenson,* 842 P.2d at 1079. WYO.R.APP.P. 12.09(a) directs that judicial review of administrative agency decisions is guided by WYO.STAT. § 16–3–114(c)(ii) (1990), which provides in relevant part that the reviewing court shall set aside agency action found to be arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence. Appellant contends that, if he did have the burden of proof, the hearing examiner should have found, based on the evidence, that his neck problems resulted from a compensable work-related accident, and not from his preexisting condition. Such findings of fact are tested under a well-established process:

Our standard for reviewing findings of fact made in an administrative worker's compensation hearing is well settled. If, after examining the entire record, we find substantial evidence to support the agency's finding, we will not substitute our own judgment for that of the agency. Instead, we will uphold the agency's finding. Substantial evidence is relevant evidence which a reasonable person might accept as supporting the agency finding. In addition, we examine only the evidence which favors the prevailing party, allowing every

favorable inference, while omitting consideration of any conflicting evidence.

*Wyoming Steel & Fab Inc. v. Robles,* 882 P.2d 873, 876 (Wyo.1994), quoting *Sinclair Trucking v. Bailey,* 848 P.2d 1349, 1351 (Wyo.1993) (citations omitted); *Latimer v. Rissler & McMurry Co.,* 902 P.2d 706, 708–09 (Wyo.1995).

Arbitrary and capricious action of an administrative agency is action that is wilful and unreasonable, without consideration and in disregard of the facts and circumstances. *Marathon Oil Co. v. Pan Am. Petroleum Corp.,* 473 P.2d 575, 577 (Wyo. 1970). In response to an allegation that an agency acted arbitrarily or capriciously because there was not substantial evidence in the record to support the agency decision, the reviewing court also examines the conflicting evidence to determine if the agency could reasonably have made its findings and order upon all the evidence before it. *Board of Trustees of School District No. 4 v. Colwell,* 611 P.2d 427, 429 (Wyo.1980). This assessment of the administrative agency action to evaluate whether it is arbitrary, capricious or characterized by an abuse of discretion calls for an examination of whether the decision was based on a consideration of relevant factors and whether it is rational. *Knight v. Environmental Quality Council,* 805 P.2d 268, 273 (Wyo.1991); *Tri–State Generation & Transmission Ass'n v. Environmental Quality Council,* 590 P.2d 1324, 1327 (Wyo.1979). In the instant case, Appellant points out no abuse of discretion by the hearing examiner, and he identifies no conduct that could be considered to be arbitrary or capricious. He simply contends that the evidence does not support the finding.

Appellant's reliance in his evidentiary argument on the mandate for liberal construction of worker's compensation statutes in favor of workers is misplaced. It is true that the "general provisions are to be liberally construed in favor of the workman." *In re Hardison,* 429 P.2d at 322; *Seckman,* 783 P.2d at 165. However, this rule does not relate to the evidence offered, and it should not relieve a claimant of his burden to clearly prove each of the elements of his claim. *In re Hardison,* 429 P.2d at 322; *Olson v. Fed-*

*eral Am. Partners,* 567 P.2d 710, 714 (Wyo. 1977). Neither does this rule of liberality allow the trier of fact to "fill in the gaps" in the claimant's evidence by invoking inferences favorable to him. *Nickerson v. State ex rel. Worker's Comp. Div.,* 740 P.2d 399, 400 (Wyo.1987). Courts are, in fact, to exercise restraint and adhere strictly to the literal terms of the statute when addressing limitations directly mandated by the legislature. *Seckman,* 783 P.2d at 165. In particular, the courts are not free under the guise of liberal construction to extend worker's compensation benefits to injuries that do not reasonably fall within the statute. *In re Hardison,* 429 P.2d at 322; *Matter of Van Matre,* 657 P.2d at 818; *Deloges v. State ex rel. Worker's Comp. Div.,* 750 P.2d 1329, 1331 (Wyo.1988). The legislature clearly intended that preexisting conditions are not compensable under the statute.

In the instant case, the hearing examiner found against Appellant because conflicts in the testimony made it impossible for him to decide the primary question: what caused the neck injuries? Expert medical testimony was presented by both sides. In such case, it is not for this Court to reevaluate the evidence and to make an independent determination as to the cause of the injury. Neither do we assess witness credibility. *Latimer,* 902 P.2d at 711; *Hepp,* 881 P.2d at 1079; *Creek v. Town of Hulett,* 657 P.2d 353, 357 (Wyo.1983). Rather, this Court simply searches the record to determine if substantial evidence was presented supporting the hearing examiner's decision. Such a review of the present record discloses expert medical testimony, notes in several doctors' records, magnetic resonance imaging studies, and rehabilitation reports that support the proposition that the neck injury was preexisting, or may have been preexisting. We defer to the hearing examiner's findings as to these factual matters. *Bohren v. State ex rel. Worker's Comp. Div.,* 883 P.2d 355, 357 (Wyo.1994); *Claim of Mitchell,* 876 P.2d 984, 987 (Wyo.1994).

Inconsistencies in the evidence that prevent the finder of fact from determining whether the injury is compensable

mean that the claimant has failed to meet his burden of proof. *Latimer,* 902 P.2d at 711; *Farman v. State ex rel. Wyoming Worker's Comp. Div.,* 841 P.2d 99, 103 (Wyo.1992). A claimant cannot prevail if factors necessary to prove his claim are left to conjecture. *Alco,* 651 P.2d at 268.

█ It is the burden of the party who appeals from an administrative determination to show a lack of substantial evidence supporting that determination. *Hepp,* 881 P.2d at 1078; *Jaqua,* 873 P.2d at 1221. Here, there has been no showing that the hearing examiner was arbitrary or capricious, or that he abused his discretion, or that substantial evidence did not exist to support his findings.

## CONCLUSION

The claimant in a worker's compensation case has the burden of proving all the essential elements of his claim. Questions as to the existence of a preexisting condition or injury, as contemplated by WYO.STAT. § 27–14–102(a)(xi)(F), are indistinguishable from questions of whether an injury arose out of and in the course of employment. As such, they are questions of fact for which the claimant bears the burden of proof. Substantial evidence in the record of the case now before this Court exists to support the finding of the hearing examiner that Appellant failed to prove that his neck injuries were compensable under the worker's compensation statutes.

The order of the hearing examiner is affirmed.