In the Matter of the WORKER'S COMPENSATION CLAIM OF Larry TAYLOR, Appellant (Employee–Claimant),

v.

STATE of Wyoming, ex rel., WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Objector–Defendant).

No. 94–110.

Supreme Court of Wyoming.

Feb. 21, 1995.

Robert A. Nicholas of Hettinger & Leedy, Riverton, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Gerald W. Laska, Sr. Asst. Atty. Gen., and Courtney R. Kepler, Sp. Asst. Atty. Gen., for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Larry Taylor (Taylor) appeals from a district court decision affirming an award of disability granted after an administrative hearing. Taylor claims he is entitled to a disability rating greater than that which was given by the hearing examiner.

We affirm.

Taylor states the following issues:

1. The [hearing examiner] erred as a matter of law when, without any factual basis in the record, he denied Larry's claim for lost earnings because of his criminal record and past drinking habits.

2. The [hearing examiner] erred as a matter of law by only considering Larry's actual wage at the time of injury in determining his pre-injury earning capacity.

3. The [hearing examiner's] award of 10% loss of earning capacity should be vacated as arbitrary and capricious, highly prejudicial and unsupported by substantial evidence.

Appellee Wyoming Worker's Compensation Division (Division) more appropriately sets forth the issues as follows:

1. Whether substantial evidence exists to support the hearing examiner's determination of employee-claimant's eligibility and award of worker's compensation benefits?

2. Whether the hearing examiner's decision is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law?

### FACTS

Taylor was injured in a work-related accident on March 29, 1988, which resulted in three surgeries to his lower back. Taylor was awarded a 16 percent whole body physical impairment, which was paid without objection.

A hearing was held before a hearing examiner on June 10, 1993, to consider Taylor's claim that the 16 percent whole body impairment should be increased to 62–63 percent based on his loss of earnings capacity. In response to Taylor's claim, a vocational evaluation report was completed. At the time of his injury, Taylor was making $7.33 per hour. Prior to that employment, Taylor testified that he held various higher paying jobs ranging from $8.00 to $15.00 per hour. Taylor further testified that, had he not been injured, his employer was going to move him to another job which paid $13.00 per hour.

The vocational evaluation report (Report) noted that Taylor was 36 years old and, at the time, an inmate at the Riverton Honor Farm earning $80.00 a month. The Report set forth twelve occupations in which Taylor could be employed based on his physical capabilities, experience and education, six of which paid a higher wage than he was earning at the time of the injury. Taylor testified that he wanted to work in Riverton upon his release from the Honor Farm and that jobs in Riverton paid less than jobs generally around Wyoming as listed in the Report. The vocational expert found that Taylor's earning capacity after the accident was $6.61 per hour.

The hearing examiner concluded that Taylor had proven a disability level of 26 percent and, accordingly, he awarded another 10 percent disability to the 16 percent which had already been awarded to Taylor. Taylor disagreed and appealed to the district court, which affirmed.

### STANDARD OF REVIEW

Wyoming Rule of Appellate Procedure 12.09 provides that judicial review is limited to a determination of the matters specified in W.S. 16–3–114(c), which provides in part that

[t]he reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

\* \* \* \* \* \*

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

\* \* \* \* \* \*

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

*Accord Bohren v. State ex rel. Wyoming Worker's Compensation Div.,* 883 P.2d 355, 357 (Wyo.1994).

 When a question of the sufficiency of evidence is raised, "[i]t is well established that this court will not substitute its judgment for that of the administrative agency if the record establishes that the agency decision is supported by substantial evidence." *Sheridan Race Car Ass'n v. Rice Ranch,* 864 P.2d 30, 32 (Wyo.1993). Where findings of fact are supported by substantial evidence, the ruling of the trier of fact will be upheld and will not be disturbed by the reviewing court. *Romero v. Davy McKee Corp.,* 854 P.2d 59, 63 (Wyo.1993). Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusion but more than a mere scintilla. *Trout v. Wyoming Oil & Gas Conservation Comm'n,* 721 P.2d 1047, 1050 (Wyo.1986).

### DISCUSSION

 Taylor claims that the hearing examiner awarded him a disability rating which was too low in relation to his loss of earnings capacity. Taylor asserts that the hearing examiner improperly relied upon the wage he earned at the time of his injury. Taylor maintains that the hearing examiner should have used a higher wage in determining the loss of earnings capacity. In that respect, Taylor points to his testimony which established that he had worked at numerous jobs prior to his injury at wages which exceeded $7.33 per hour. Taylor also complains that the hearing examiner improperly reduced his earnings capacity by taking into account Taylor's incarceration and alcohol problems.

 There is substantial evidence in the record to support the hearing examiner's conclusion. The Report provides substantial evidence by identifying the types of employment that Taylor would be suited to perform. The Report noted that the average wage of those jobs was $6.61 per hour. Furthermore, the hearing officer voiced concerns about the credibility and veracity of Taylor's testimony as it related to the amount of work Taylor was capable of doing. It is obvious from the hearing examiner's determination that he was not persuaded by the testimony of Taylor. It is within the prerogative of the trier of fact to decide what evidence is most dependable. *State ex rel. Wyoming Worker's Compensation Div. v. Colvin,* 681 P.2d 269, 271 (Wyo.1984).

In discussing his decision in a ruling from the bench, the hearing examiner stated:

In this case, it seems to me that what I am being asked to do is really determine the total amount of permanent partial disability sustained by Mr. Taylor as a result of the accident and, at this time, to include all factors which would include the vocational loss sustained by Mr. Taylor. In making this determination, there are numerous factors that I take into consideration. Those factors include physical impairment, the worker's age, the worker's education, the worker's ability to continue his pre-injury employment, the post-injury employment prospects, the pre-injury earnings and the .post-injury earnings.

I note that it's important to realize that no single factor is necessarily determinative of the extent of the total amount of permanent partial disability sustained by an injured worker.

It is clear from that ruling that the hearing examiner was relying upon *McCarty v. Bear Creek Uranium Co.,* 694 P.2d 93 (Wyo.1985) and *State ex rel. Wyoming Worker's Compensation Div. v. White,* 837 P.2d 1095 (Wyo. 1992). The hearing examiner must look at all factors together with any other relevant facts or circumstances which would affect a claimant's earning capacity. *White,* 837 P.2d at 1097. It would not have been realistic for the hearing examiner to ignore Taylor's incarceration or alcohol problems, which un-

doubtedly have an effect on a person's ability to find and maintain employment. In any event, it is clear from the record that, while he considered those factors, the other factors—age, physical impairment, education and pre-injury earnings—all favored the determination reached by the hearing officer. The hearing officer's decision, based on the factors in the record, was not arbitrary, capricious or an abuse of discretion.

### CONCLUSION

The hearing examiner properly held that the $7.33 per hour wage at the time of his work-related injury is the only meaningful evidence of Taylor's pre-injury earnings.

Affirmed.