In the Matter of the Worker's Compensation Claim of Jackie C. FORTIER, an Employee of Life Care Center of Cheyenne.

Jackie C. FORTIER, Appellant (Petitioner),

v.

STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Respondent).

No. 95–83.

Supreme Court of Wyoming.

Feb. 1, 1996.

George Santini of Santini Law Offices, Cheyenne, for Appellant.

William U. Hill, Attorney General, John W. Renneisen, Deputy Attorney General, and Jennifer A. Evans, Assistant Attorney General, for Appellee.

Before THOMAS, MACY, TAYLOR and LEHMAN, JJ., and BROWN, J. (Retired).

LEHMAN, Justice.

Jacqueline C. Fortier (Claimant) appeals the denial of her application for permanent total disability benefits. Finding the hearing officer's decision is supported by substantial evidence and is otherwise in accordance with law, we affirm.

Claimant states two issues:

1. Did the hearing officer err as a matter of law by failing to consider the effect of [Claimant's] 1990 back injury * * * in light of her pre-existing medical conditions in determining that those pre-existing conditions and not her 1990 back injury were the cause of her becoming permanently totally disabled?

2. Based upon an examination of the entire record, is the decision of the hearing officer that [Claimant's] other medical problems are the reasons she is unable to return to work arbitrary, capricious, and contrary to law because it is totally contrary to the evidence?

## FACTS

Claimant is a licensed practical nurse who has an extensive medical history. She has high blood pressure, asthma, sleep apnea, obesity and suffers from headaches. Claimant has also had numerous surgeries: abdominal plication, cholecystectomy, cholecystostomy, hysterectomy, pituitary adenoma removal and repeat brain surgery to repair a spinal fluid leak. In addition, she also suffers from depression and anxiety.

Claimant suffered a work related injury to her back on February 1, 1987. As a result, she received a permanent partial disability award of 40 percent for the whole body, ten percent of which was for a permanent partial physical impairment. At the time, her doctors recommended that she not return to work.

After physical therapy, Claimant returned to work and subsequently began working for Life Care Center of Cheyenne, which was willing to accommodate her restricted work regime. On June 30, 1990, Claimant injured

her back while attempting to assist a patient into a wheelchair. Claimant has not worked since that incident.

Claimant applied for permanent total disability benefits, which were denied by the Wyoming Worker's Compensation Division (Division) on April 20, 1993. Claimant objected, and a hearing was held before a hearing officer on October 6, 1993. The hearing officer denied Claimant's application by order dated June 29, 1994. Claimant then sought review of that order in the district court, which affirmed the hearing officer's decision on January 26, 1995. Claimant now seeks a determination from this court.

### STANDARD OF REVIEW

As we stated in *Corman v. Worker's Compensation Div.*, 909 P.2d 966, 970 (Wyo.1996), the burden is on the person claiming worker's compensation benefits to prove that the injury is work related and not the result of a preexisting condition. The issue of whether a particular injury is connected with the claimant's employment is reviewed for substantial evidence. *Id.; Stuckey v. State, ex rel. Worker's Compensation Div.*, 890 P.2d 1097, 1098–99 (Wyo.1995). Substantial evidence is such relevant evidence which a reasonable mind might accept in support of the hearing officer's conclusion, but it is more than a mere scintilla. *Worker's Compensation Claim of Taylor v. State*, 890 P.2d 559, 561 (Wyo.1995). Where the findings of fact are supported by substantial evidence, we will not disturb the ruling of the hearing officer. *Id.* Any errors of law committed by the hearing officer will, of course, be corrected by this court. *Matter of Cordova*, 882 P.2d 880, 882 (Wyo.1994).

### DISCUSSION

Initially, Claimant contends that the hearing officer committed an error of law by failing to properly apply our decisions in *In re Scrogham*, 52 Wyo. 232, 73 P.2d 300 (1937) and *Exploration Drilling Co. v. Guthrie*, 370 P.2d 362 (Wyo.1962). Claimant focuses on the language:

> Compensation is not made to rest under our law upon the condition of health of the employee or upon his freedom from liabili-

ty to injury through a constitutional weakness or latent tendency. An award is made for an injury which is a hazard of the employment * * * it is the hazard of the employment acting upon the particular employee in his condition of health not what that hazard would be if acting upon a healthy employee or upon the average employee.

*Scrogham*, 52 Wyo. at 251–52, 73 P.2d at 307 (*quoting In re Madden*, 222 Mass. 487, 111 N.E. 379, 382 (1916)). The gist of the holding in those cases is that an employer must take his employees as he finds them. If an employee has a preexisting condition which makes him/her more susceptible to a particular injury than an "average employee," the employer is, nevertheless, still liable for worker's compensation benefits if that employee is injured on the job.

A review of the record clearly discloses that the hearing officer took due note of Claimant's preexisting condition and considered her 1990 injury in light of it. Simply because an employee has a preexisting condition which makes him/her susceptible to an injury does not obviate the requirement that the injury be work related. W.S. 27–14–102(a)(xi) (Cum.Supp.1993). A claimant must still prove, by a preponderance of the evidence, that the injury was work related and not the consequence of any preexisting conditions. *Corman*, 909 P.2d at 970. The hearing officer correctly applied the law.

Additionally Claimant argues that the hearing officer's decision was arbitrary and capricious because it was not supported by substantial evidence. We disagree. The burden of proof was on Claimant to show at the hearing that her injury was work related. The overwhelming evidence at the hearing discloses that it was her preexisting medical conditions, especially her weight, which were causing her back problems rather than the injury she suffered in 1990. One doctor noted that he was not sure what was causing Claimant's symptoms, but he suspected that if she lost weight most all of her medical problems would improve. Other evidence is in a similar vein. On the other hand, there is little evidence that the injury was related to

the incident at work. The decision by the hearing officer is supported by substantial evidence, and we will not disturb it.

## CONCLUSION

Claimant has failed in her burden to demonstrate error by the hearing officer or that his decision was unsupported by substantial evidence; accordingly, that decision is affirmed.