In the Matter of the Worker's Compensation Claim of Walter T. WALSH, an employee of Holly Sugar Corporation:

Walter T. WALSH, Appellant
(Claimant/Petitioner),

v.

HOLLY SUGAR CORPORATION,
Appellee (Employer/Respondent),

and

State of Wyoming, ex rel., Wyoming Workers' Compensation Division,
Appellee (Respondent).

No. 96–71.

Supreme Court of Wyoming.

Jan. 24, 1997.

Lowell H. Fitch of Fitch Law Offices, Torrington, for appellant (Claimant/Petitioner).

William R. Dabney of Holland & Hart, Cheyenne, for appellee (Employer/Respondent) Holly Sugar Corporation.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Jennifer A. Evans, Assistant Attorney General, Cheyenne, for appellee (Respondent) State ex rel. Wyoming Workers' Compensation Division.

Before TAYLOR, C.J., and THOMAS, MACY and LEHMAN, JJ., and GRANT, District Judge.

GRANT, District Judge.

Appellant asks this court to review the decision of the administrative hearing examiner finding for the respondent at the close of claimant's evidence pursuant to W.R.C.P. 52(c). The hearing examiner ruled that claimant had failed to carry his burden of proof that the condition for which benefits were sought was directly related to appellant's original injury pursuant to Wyo. Stat. § 27–14–605(c)(ii) (1991). An examination of the record reveals that appellant's evidence did indeed fall short of the proof required to make a prima facie case of entitlement to benefits. Affirmed.

## I. ISSUES

Appellant, Walter T. Walsh (Walsh), states the issues as follows:

1. Did Appellant present substantial evidence for entitlement to medical benefits pursuant to the Wyoming Workers' Compensation Act and under the "second compensable injury rule?"

2. Did Appellees' evidence not amount to "substantial evidence" in conflict with Appellant's substantial evidence supporting entitlement to medical benefits[?]

3. Is an administrative hearing examiner in a contested workers' compensation case, restricted when applying Rule 52(c) W.R.C.P., at the conclusion of a claimant's case, to testing the claimant's evidence only, and by the standards of a demurrer to claimant's evidence?

4. Did the hearing examiner violate Appellant's procedural rights by weighing evidence and resolving apparent evidentiary conflicts in the context of deciding a Rule 52(c) W.R.C.P. motion[?]

5. Did the hearing examiner violate Appellant's procedural rights when he considered the evidence of Appellees, in granting Appellees' Rule 52(c) motion before Appellees rested their case?

6. Was the action by the examiner in the denial of medical benefits to Appellant done arbitrarily and without observance of procedure required by law?

Appellee, Holly Sugar Corporation (Holly Sugar), provides the following issues:

1. Was the hearing examiner's dismissal on the merits in accordance with law and supported by substantial evidence?

2. Was the hearing examiner's grant of a Rule 52(c) motion to dismiss procedurally proper?

Appellee, State ex rel. Wyoming Workers' Compensation Division (Division), asserts their issues:

A. Whether the Office of Administrative Hearings properly entered judgment against Claimant under Rule 52(c) of the Wyoming Rules of Civil Procedure after the moving party had presented a witness and after weighing the evidence and resolving conflicts in that evidence.

B. Whether the Office of Administrative Hearings' order was otherwise in accordance with law and supported by substantial evidence.

## II. FACTS

Walsh was hospitalized in 1984 for treatment of low back pain of unknown origin. In

September 1989, Walsh suffered a compensable injury to his lower back while working for Holly Sugar. Walsh received medical and disability worker's compensation benefits. He left the employ of Holly Sugar in January of 1990. In August 1993, Walsh sought treatment for low back and left leg pain after working at his small farm baling hay. Walsh claimed benefits under Wyo. Stat. § 27–14–605 contending that his back pain was a "second injury" which arose out of and in the course of his employment with Holly Sugar.

The Division determined that the 1993 injury resulted from Walsh's custom haying and related activities after he left the employ of Holly Sugar and the claim was referred to the Office of Administrative Hearings. The hearing examiner granted Holly Sugar's W.R.C.P. 52(c) motion to dismiss. The district court affirmed the hearing examiner's ruling and Walsh appeals from that order.

## III. STANDARD OF REVIEW

We review an administrative agency's contested case decision pursuant to W.R.A.P. 12.09 and Wyo. Stat. § 16–3–114(c) (1990). Wyo. Stat. § 16–3–114(c)(ii) mandates that we:

Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

 * * *

(E) Unsupported by substantial evidence[.]

■ We accord no special deference to the conclusions of the district court, instead reviewing the action as if it came to us directly from the agency. *Martinez v. State ex rel. Wyoming Workers' Compensation Div.*, 917 P.2d 619, 621 (Wyo.1996). If the agency's conclusions of law are correct, its decision will be affirmed. *Id.* If the agency has not invoked and applied the correct rule of law, we correct it. *Id.*

## IV. DISCUSSION

■ A claimant of worker's compensation benefits carries the burden of proving all essential elements of his claim by a preponderance of the evidence. *Matter of Corman,* 909 P.2d 966, 968 (Wyo.1996); *Gilstrap v. State ex rel. Wyoming Workers' Compensation Div.,* 875 P.2d 1272, 1273 (Wyo.1994). The second compensable injury rule recognizes that a work accident may give rise to more than one compensable injury. *Casper Oil Co. v. Evenson,* 888 P.2d 221, 225 (Wyo. 1995); *Matter of Krause,* 803 P.2d 81, 82 (Wyo.1990). Under this rule, the claimant must prove by a preponderance of the evidence that the injury for which he is seeking benefits resulted from his prior work accident. *Matter of Krause,* 803 P.2d at 82–83. A claimant must prove that his work accident, not a pre-existing condition, caused the condition. *Matter of Claim of Fortier,* 910 P.2d 1356, 1358 (Wyo.1996); *Matter of Corman,* 909 P.2d at 970; *State ex rel. Wyoming Worker's Compensation Div. v. White,* 837 P.2d 1095, 1099 (Wyo.1992); *Herring v. Welltech, Inc.,* 660 P.2d 361, 366 (Wyo.1983); *Black Watch Farms v. Baldwin,* 474 P.2d 297, 299–300 (Wyo.1970).

■ Walsh offered the testimony of the physician who treated his 1993 symptoms to establish the necessary medical basis for his claim that the symptoms were a "continuation" of the 1989 compensable injury. We have carefully examined Walsh's evidence and conclude that it could be fairly summarized that the current problem could be causally related to the 1989 injury and that it could just as well not be related to the 1989 injury. Representative of the testimony are these questions and answers:

Q (BY [COUNSEL]) If the 1989 injury had not happened, assume that, it is just as possible that as a result of his 1984 problems that this 1993 injury would have cropped up, isn't it?

A Yes.

 * * *

Q [BY COUNSEL] Okay. And despite that, you still make your opinion that there's some connection, in your mind, between the '93 injury and the '89 injury?

A Yes.

 * * *

Q [BY COUNSEL] And so I understand you, it's just basically you're speculating on this '93 injury and how it relates back to the '89 injury, are you not?

A It occurred or is it speculation?

Q To tie it together, you're speculating that those things are tied together?

A Yes.

This does not meet the requirement which we have articulated in similar cases, that the claimant must prove that the injury resulted from his activities, or an accident, in the course of his employment. *See Jackson v. J.W. Williams, Inc.*, 886 P.2d 601, 603 (Wyo. 1994); *Wyoming Steel & Fab, Inc. v. Robles*, 882 P.2d 873, 875 (Wyo.1994); and *Jaqua v. State ex rel. Wyoming Workers' Compensation Div.*, 873 P.2d 1219, 1221 (Wyo.1994).

We do not address Walsh's assertion of procedural irregularities related to the hearing examiner's consideration of the employer's medical evidence, taken out of order to accommodate a witness' schedule, in ruling on the W.R.C.P. 52(c) motion because our ruling on the burden of proof issue is dispositive.

## V. CONCLUSION

In affirming the district court's decision, we hold that the hearing examiner correctly determined that Walsh failed to establish by a preponderance of the evidence that his 1993 symptoms were causally related to his 1989 injury while working for Holly Sugar. The order granting the motion to dismiss and denying benefits entered by the hearing examiner is affirmed.