Odell HAYNES, Appellant (Petitioner),

v.

STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Respondent).

No. 97–87.

Supreme Court of Wyoming.

July 29, 1998.

Donald L. Painter, Casper, Appellant (Petitioner).

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General, Cheyenne, Appellee (Respondent).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR*, JJ.

*  *Chief Justice at time of conference.*

TAYLOR, Justice.

The Medical Commission awarded worker's compensation benefits to appellant for a seizure precipitated by a fall which had aggravated a pre-existing congenital arteriovenous malformation (AVM). However, the Medical Commission denied benefits for the subsequent treatment to repair the AVM. Finding that the Medical Commission correctly distinguished work-related aggravation of a pre-existing condition from the non-work related repair of that condition, we affirm.

## I.  ISSUE

Only one issue is presented. Appellant, Odell Haynes (Haynes), states the issue:

> Whether the repair of Petitioner's pre-existing arteriovenous malformation (AVM) is compensable under the Wyoming Worker's Compensation Act (Act).

Appellee, State ex rel. Wyoming Workers' Compensation Division (Division), phrases the issue as:

> A.  Was the Medical Commission's denial of benefits for the repair of the Employee's preexisting condition in accordance with law?

However, the issue is best stated by the district court in its decision letter:

> In a case where the expenses and disability resulting from a compensable injury are severable from the expenses and disability resulting from repair of a pre-existing condition, is the employee-claimant entitled to benefits for the latter?

## II.  FACTS

Haynes sustained an on-the-job fall on September 18, 1995. Initially treated as a minor injury, benefits were paid for treatment directly related to the fall. On October 22, 1995, Haynes experienced a seizure and was taken to medical facilities in Scottsbluff, Nebraska. There, it was discovered that Haynes had a previously undiagnosed AVM. He was treated for the seizure and referred to Dr. Lee E. Krauth, a neurologist in Denver, Colorado. After seeing Haynes on No-

vember 2, 1995, Dr. Krauth noted that "[Haynes] recovered from his seizure without any permanent deficits or sequelae * * *." Dr. Krauth indicated that treatment options were discussed, including anticonvulsants and observation only, and various more aggressive treatments. Haynes chose an aggressive approach for repair of the AVM.

Haynes requested benefits for the expenses and disability resulting from his seizure and also from the AVM repair. Benefits were denied by the Division, and a hearing was held before the Medical Commission. The Medical Commission determined:

> Mr. Haynes has shown by a preponderance of the evidence that the fall which occurred on September 18, 1995 contributed to a material degree to the aggravation of his underlying preexisting arteriovenen[o]us malformation, precipitating a seizure on October 22, 1995. The acute care administered to Mr. Haynes as a result of the seizure episode is compensable under *Romero v. Davy McKee Corp.*, 854 P.2d 59, (Wyo.1993). The intravascular embolization procedure, provided to repair this long-standing, preexisting condition, is not compensable under the Wyoming Workers' Compensation Act.

The district court affirmed the Medical Commission's denial of benefits for the AVM repair, and Haynes brought this appeal.

### III. STANDARD OF REVIEW

Haynes does not contest the Medical Commission's findings of fact, only the legal conclusion that costs of the AVM repair are not compensable. An agency's conclusion of law is entitled to no deference from this court. We will affirm an agency's legal conclusion only if it is in accordance with the law. *Nelson v. Sheridan Manor*, 939 P.2d 252, 255 (Wyo.1997); *State ex rel. Wyoming Workers' Compensation Div. v. Roggenbuck*, 938 P.2d 851, 853 (Wyo.1997).

### IV. DISCUSSION

There is no question that Haynes suffered a work-related fall which materially aggravated his pre-existing AVM condition and led to a seizure one month later. The Division has not contested the granting of benefits for the seizure. Nor is there any question that the work-related fall *did not* cause the need for repair of the long-standing AVM. Although our precedent seems to clearly state the opposite, Haynes argues that Wyoming's worker's compensation law is "all or nothing;" once a claimant's pre-existing condition is materially aggravated, all expenses necessary to care for that condition are payable, without regard to whether they result from the work-related aggravation.

A pre-existing condition may present a compensable claim, " ' "if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the * * * disability for which compensation is sought." ' " *Matter of Fisher*, 914 P.2d 1224, 1227 (Wyo.1996) (*quoting 1 Larson's Workmen's Compensation Law*, § 12.20 at 3–276 and *citing Lindbloom v. Teton Intern.*, 684 P.2d 1388, 1390 (Wyo.1984)). The claimant seeking damages for aggravation of a pre-existing injury must prove that the "work effort contributed to a material degree to the precipitation, aggravation or acceleration of the existing condition of the employee." *Lindbloom*, 684 P.2d at 1389–90.

In *Lindbloom*, the claimant suffered a dislocation of his right knee after slipping on ice at work. He later underwent surgery to correct a pre-existing condition of dislocation-prone patellae. Since it was the pre-existing condition, not the fall at work, that caused the need for surgery, the claimant was denied compensation. Finding that the work-related fall did not change the need for, or the extent of, the surgery to correct the pre-existing condition, we affirmed. *Lindbloom*, 684 P.2d at 1390.

The same is true here. Although Haynes' fall aggravated his pre-existing condition and caused him to suffer expenses and some disability, Dr. Krauth's letter clearly states that Haynes had fully recovered by the time he visited Dr. Krauth. Haynes was given a range of choices for dealing with his AVM, including no medical intervention at all. Haynes chose to undergo aggressive treatment to correct the AVM. Clearly, Haynes' fall did not change the need for, or

the extent of, the treatment he chose to correct his pre-existing condition.

In denying benefits for Haynes' AVM repair, the Medical Commission reasoned:

> The fall and seizure led only to the fortuitous discovery of the AVM and did not necessitate the need for treatment of this condition. It is the presence of the AVM itself, not any material aggravation of this condition, that compels medical intervention. Mr. Haynes has been undergoing an intravascular embolization procedure to repair the arteriovenous malformation. Mr. Haynes' treatment for repair of the arteriovenous malformation is required because of the existence of the AVM, not because of any material aggravation to it, and is thus not compensable under the Wyoming Workers' Compensation Act.

This decision is a correct application of Wyoming's worker's compensation law.

## V. CONCLUSION

While it is consistent with the purposes of Wyoming law to expect employers to pay for work-related injuries even though a pre-existing condition may have played a part in causation, it is not conceivable that the legislature intended employers to pay for the separate cost of repairing a pre-existing condition. The intravascular embolization procedure required to repair Haynes' pre-existing condition is not a compensable injury under the Wyoming Worker's Compensation Act.

Affirmed.