2001 WY 49

**FRONTIER REFINING, INC.,**
**Appellant (Petitioner),**

v.

**Virgil L. PAYNE, Appellee (Respondent).**

No. 00–227.

Supreme Court of Wyoming.

May 17, 2001.

Representing Appellant: Alexander K. Davison and Wendy J. Curtis of Patton & Davison, Cheyenne, WY.

Representing Appellee: Peter K. Michael, Cheyenne, WY.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

GOLDEN, Justice.

[¶ 1] Appellant Frontier Refinery, Inc. (Frontier) challenges a hearing examiner's award of worker compensation benefits to its employee, Virgil L. Payne (Payne), claiming that the evidence did not satisfy the proper burden of proof. We affirm the order granting benefits.

## ISSUES

[¶ 2] Frontier presents these issues for our review:

1. Is the Office's decision that appellee's injury is compensable in accordance with Wyoming law governing pre-existing conditions.

2. Is there substantial evidence in the record to support the Office's finding that appellee met the burden of proof required for pre-existing conditions?

Appellee Payne believes that the sole issue is:

Whether substantial evidence supported the hearing examiner's decision that Mr. Payne's work caused him to suffer a material aggravation of his carpal tunnel syndrome that led to surgery and temporary total disability.

## FACTS

[¶ 3] The parties agree that Payne suffers from carpal tunnel syndrome (CTS) in his right wrist and that this condition arose over a long period of time. Payne was diagnosed with this condition on November 24, 1995, by Reed Shafer, M.D., a Cheyenne neurologist. Payne reported the diagnosis as a work-related injury to his employer, Frontier, and, after surgery, applied for temporary total disability. The Division granted benefits; however, Frontier objected and, after a hearing, benefits were denied for failure to timely file an injury report. This Court reversed that denial and remanded for a hearing. *Payne v. Frontier Refining, Inc.,* 993 P.2d 313 (Wyo.1999).

[¶ 4] At the hearing, Payne presented evidence pursuant to Wyo.Stat.Ann. § 27–14–603(a) (Lexis 1999) that his CTS was a compensable injury occurring over a substantial period of time. Alternatively, he claimed that if his CTS was not caused by his employment, it was compensable because his work aggravates the pre-existing condition. Payne presented expert testimony from his surgeon and an orthopedic specialist. Frontier provided expert testimony by an osteopathic physician, who specializes in the area of occupational medicine. The hearing examiner determined that Payne's CTS is not work-related and is a pre-existing condition that his work aggravated, accelerated, or combined with his CTS to produce a compensable injury. Benefits were granted to cover surgery, medical treatment, and temporary total disability. Frontier appealed, and the district court certified the case to this Court pursuant to W.R.A.P. 12.09.

## STANDARD OF REVIEW

[¶ 5] Judicial review of agency action is governed by Wyo.Stat.Ann. § 16–3–114(c) (Lexis 1999):

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule

of prejudicial error. The reviewing court shall:

\* \* \*

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

\* \*

(E) Unsupported by substantial evidence. . . .

*See also* W.R.A.P. 12.09(a).

■ [¶ 6] When reviewing an agency's findings of fact, this Court applies the substantial evidence standard. Wyo.Stat.Ann. § 16–3–114(c)(ii)(E) (Lexis 1999).

> We review an administrative agency's findings of fact by applying the substantial evidence standard. Our task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions.

*Leavitt v. State ex rel. Wyo. Workers' Safety and Comp. Div.*, 980 P.2d 332, 334 (Wyo. 1999) (quoting *DeWall v. Wyo. Workers' Safety and Comp. Div.*, 960 P.2d 502, 503 (Wyo.1998)). Accordingly, "we examine only the evidence which favors the prevailing party, allowing every favorable inference, while omitting consideration of any conflicting evidence." *Wyoming Steel & Fab, Inc. v. Robles*, 882 P.2d 873, 876 (Wyo.1994) (citing *Matter of Injury to Carpenter*, 736 P.2d 311, 312 (Wyo.1987)).

## DISCUSSION

■ [¶ 7] Frontier challenges the hearing examiner's conclusion that Payne's CTS was a pre-existing condition that his work aggravated, accelerated, or combined with his CTS to produce a compensable injury.

> (xi) "Injury" means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business. "Injury" does not include:

\* \* \*

> (F) Any injury or condition preexisting at the time of employment with the employer against whom a claim is made[.]

Wyo.Stat.Ann. § 27–14–102(a)(xi)(F) (Lexis 1999).

■ [¶ 8] A preexisting condition may present a compensable claim "if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the \* \* \* disability for which compensation is sought." *Haynes v. State ex rel. Wyo. Workers' Comp. Div.*, 962 P.2d 876, 878 (Wyo. 1998). The claimant seeking damages for aggravation of a preexisting injury must prove that the "work effort contributed to a material degree to the precipitation, aggravation or acceleration of the existing condition of the employee." *Id.; Lindbloom v. Teton Inter.*, 684 P.2d 1388, 1389–90 (Wyo.1984).

[¶ 9] Frontier contends that we recently decided that a claimant must prove three additional elements to demonstrate material aggravation and Payne failed to meet this burden. This assertion relies upon *Frazier v. State ex rel. Wyo. Workers' Safety and Comp. Div.*, 997 P.2d 487 (Wyo.2000). *Frazier* did not establish a three-part material aggravation test. It applied the *Lindbloom* standard and, additionally, examined whether the hearing examiner's decision that an injury did not occur at work was supported by the record. In doing so, this Court did focus on the particular facts of the case to determine whether a specific injury occurred on a specific date, but that analysis has no application to the facts of this case where no specific incident is alleged to have caused Payne's CTS.

[¶ 10] Because Payne claimed that his CTS occurred over a substantial period of time, the hearing examiner applied Wyo.Stat. Ann. § 27–14–603(a)(i) through (v) (Lexis 1999):

**Burden of proof; required proof of circumstances; coronary conditions; hernia.**

(a) The burden of proof in contested cases involving injuries which occur over a substantial period of time is on the employee to prove by competent medical authority that his claim arose out of and in the course of his employment and to prove by a preponderance of evidence that:

(i) There is a direct causal connection between the condition or circumstances under which the work is performed and the injury;

(ii) The injury can be seen to have followed as a natural incident of the work as a result of the employment;

(iii) The injury can fairly be traced to the employment as a proximate cause;

(iv) The injury does not come from a hazard to which employees would have been equally exposed outside of the employment; and

(v) The injury is incidental to the character of the business and not independent of the relation of employer and employee.

[¶ 11] In the findings of fact, the hearing examiner determined that Drs. Hall and Lovejoy agree that Payne's work at the refinery aggravated his pre-existing, non-work related, CTS. Dr. Hall stated:

And if I might reiterate, what I said was, his work activities either caused his symptoms to occur, given the fact that he has carpal tunnel syndrome, in other words, an increased pressure within the carpal tunnel or increased incidence of symptoms by virtue of the necessity to move the wrist away from this neutral position. So I want to make it clear that his work is not a cause of as far as I know, it is not a cause of carpal tunnel syndrome. It's just that his symptomatology as a result of that condition was increased as a result of his work activities.

* * *

His symptoms were either provoked by his work endeavors or increased as a result of his work endeavors.

The hearing examiner concluded:

6. Where the condition for which compensation is sought involves complex medical issues, the technical knowledge and testimony of medical experts may be both highly persuasive and relevant to the resolution of questions concerning causation.

* * *

8. Payne has proven that his pre-existing CTS condition is aggravated by his employment and has met the additional burdens established in Wyo.Stat.Ann. § 27–14–603(a) (Michie 1995) for an injury occurring over a substantial period of time.

[¶ 12] Examining the entire record, the hearing examiner found for Payne because the expert testimony established evidence supporting a decision that Payne's CTS was a preexisting condition materially aggravated by work. Expert medical testimony was presented by both sides, and we agree with the hearing examiner's determination that both Frontier's expert and Payne's expert supported its decision. Frontier's contention that other factors aggravated the CTS cannot be addressed under our standard as this Court cannot re-evaluate the evidence and make an independent determination on the issue or assess witness credibility. Rather, this Court simply searches the record to determine if substantial evidence was presented supporting the hearing examiner's decision. Such a review of the present record discloses expert medical testimony, notes in several doctors' records, medical testing and reports that support the hearing examiner's decision, and we defer to the hearing examiner's findings as to these factual matters.

[¶ 13] The order granting benefits is affirmed.