2001 WY 104

**DAN'S SUPERMARKET, Appellant (Petitioner),**

and

**State of Wyoming ex rel. Wyoming Workers' Safety and Compensation Division, Appellant (Petitioner),**

v.

**Constance K. PATE, Appellee (Respondent).**

No. 00–226.

Supreme Court of Wyoming.

Nov. 2, 2001.

Kate M. Fox of Davis & Cannon, Cheyenne, Wyoming, Representing Appellant Dan's Supermarket.

Gay Woodhouse, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Gerald L. Laska, Senior Assistant Attorney General; David L. Delicath, Assistant Attorney General, Representing Appellant State of Wyoming ex rel. Wyoming Workers' Safety and Compensation Division. Argument by Mr. Delicath.

R. Douglas Dumbrill, Gillette, Wyoming, Representing Appellee.

Before LEHMAN, C.J., GOLDEN, HILL, and KITE, JJ.; and SPANGLER, D.J. (Retired).

GOLDEN, Justice.

[¶ 1] Appellants Dan's Supermarket (Employer) and the Wyoming Workers' Safety and Compensation Division (Division) challenge the payment of benefits to Appellee Constance K. Pate (Pate) for a 1996 work-related injury suffered while employed by Employer, contending that the hearing examiner improperly charged them with the burden of proving that Pate had suffered a new injury while working for another employer. Following a hearing, the hearing examiner ruled that Pate had suffered a continuation of pain symptoms from the 1996 injury, and the district court certified the case to this Court pursuant to W.R.A.P. 12.09(b).

[¶ 2] We hold that the hearing examiner properly determined that Pate had sustained her burden of proving all essential elements of her claim, and that the evidence supports the award of benefits. The order granting benefits is affirmed.

## ISSUES

[¶ 3] The statement of issues presented by Employer are:

(1) Did the hearing examiner apply an incorrect rule of law when he imposed the burden of proof in this contested case on the former employer and not on the Claimant?

(2) Is the decision of the hearing examiner unsupported by substantial evidence, without consideration and in disregard of the facts and circumstances?

The statement of the issues presented by the Division are:

1. Did the Hearing Examiner err by improperly relieving Ms. Pate of her burden of proving every element of her claim?

2. Is the Hearing Examiner's finding that there was no material aggravation of Ms. Pate's prior injury arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law?

Appellee Pate believes that the issues are:

1) Did Constance K. Pate suffer symptoms and incur medical bills which were the natural and expected effects of her work-related injury and its required surgeries?

2) Should the Employer and the State be granted an indulgence in workers' compensation procedures by relieving them from their due process burden of proving affirmative allegations?

## FACTS

[¶ 4] While working for Dan's Supermarket in 1996, Pate suffered a work-related injury that required back surgery. Employer did not contest coverage of the injury, and benefits and a permanent partial disability award were paid. Ongoing pain led to two more surgeries including fusion surgery. She continued to suffer occasional pain when doing housecleaning or other chores and saw her doctor in June of 1998 for back pain symptoms. She returned to work in May of 1999, taking a job at a local convenience store, and on September 16, 1999, while moving boxes, she experienced more back pain. She continued to work that day and sought medical attention later that month, telling doctors about the pain she experienced that day. The pain resolved with little treatment, and tests indicated that no new injury had occurred. She filed a claim with the convenience store's private insurer of workers' compensation,[1] but it did not respond to her claim. She then filed a claim with the Division which viewed her injury as new and denied her benefits.

---

1. The Division tells us that under Wyoming statute a convenience store may choose to provide its own private workers' compensation insurance and not participate in the state program.

[¶ 5] The hearing examiner determined that Pate's preexisting condition was a work-related injury that was established as a matter of fact, and the issue was whether Pate's claim was a continuation of her 1996 work-related injury for which the Division was responsible or a new injury that required Pate to file a claim with the convenience store's private insurer. It further determined that the Division and Employer bore the burden of proving that the injury resulted from a new work-related condition and was not the result of the preexisting condition caused by her 1996 work-related injury. The Division and the Employer presented evidence in an attempt to establish that Pate's injury was a sufficient material aggravation of her preexisting condition to require that it be considered a new injury.

[¶ 6] The hearing examiner reviewed the evidence and determined that a radiological report indicated that no new injury had occurred and found that report was supported by Pate's testimony that she had experienced chronic pain since the 1996 injury and the testimony of two doctors explaining that Pate's symptoms were typical of those experienced by people who have had multiple back surgeries including fusion. The hearing examiner found that one doctor explained that Pate's migratory and intermittent pain could be caused by the scar tissue resulting from the multiple surgeries and that the scar tissue would cause some impingement upon the roots of the sciatic nerves. The hearing examiner ruled that this explanation was confirmed by the radiology report. It also found that no doctor had found evidence of a new injury.

[¶ 7] The Division and Employer submitted authority that they contended supported finding that, while lifting boxes, Pate aggravated the old injury in such a material way that legally it constituted a new injury. The hearing examiner examined that authority and determined that all the cases were fact-driven and did not articulate a bright-line test to make such a determination. It found that the authority did not require it to decide that Pate had suffered a new injury. The Division was ordered to pay Pate's medical

bills for lower back treatment and diagnosis incurred. This appeal followed.

## DISCUSSION

### Standard of Review

[¶ 8] Allocation of the burden of proof is a matter of law. *Corman v. State ex rel. Wyo. Workers' Comp. Div.*, 909 P.2d 966, 970 (Wyo.1996). Conclusions of law of an administrative agency are affirmed if they are found to be in accordance with law. *Id.*; *Cordova v. Holly Sugar Corp.*, 882 P.2d 880, 882 (Wyo.1994); *Aanenson v. State ex rel. Workers' Comp. Div.*, 842 P.2d 1077, 1079 (Wyo.1992).

[¶ 9] When the party charged with the burden of proof has failed to meet that burden, we review the case under the arbitrary, capricious, abuse-of-discretion, or otherwise not in accordance with law standard. *Keck v. State ex rel. Wyo. Workers' Safety and Comp. Div.*, 985 P.2d 430, 432 (Wyo.1999); *City of Casper v. Utech*, 895 P.2d 449, 452 (Wyo.1995). Under the arbitrary, capricious and abuse of discretion standard, we are charged with examining the entire record. Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2001); *Utech*, 895 P.2d at 452. In our examination and review of a hearing examiner's determination, we defer to the hearing examiner's findings of fact. We will examine conflicting and contradictory evidence to see if the hearing examiner reasonably could have made its findings based on all the evidence before it. The findings of fact may include determinations of witness credibility, as the hearing examiner is charged with determining the credibility of the witnesses. In our review, we will not overturn the hearing examiner's determinations regarding witness credibility unless they are clearly contrary to the overwhelming weight of the evidence. *Hurley v. PDQ Transport, Inc.* 6 P.3d 134, 137 (Wyo.2000).

[¶ 10] When we review mixed questions of law and fact, our standard has been stated this way:

When an agency's determinations contain elements of law and fact, we will not treat them as findings of fact. We extend deference only to agency findings of "basic

fact." When reviewing a finding of "ultimate fact," we divide the factual and legal aspects of the finding to determine whether the correct rule of law has been properly applied to the facts. If the correct rule of law has not been properly applied, we do not defer to the agency's finding but correct the agency's error in either stating or applying the law.

*Union Pacific R.R. Co. v. State Bd. of Equalization*, 802 P.2d 856, 860–61 (Wyo.1990).

▪▪▪▪ [¶ 11] We review an administrative agency's findings of fact by applying the substantial evidence standard. Our task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. *Frontier Refining, Inc. v. Payne*, 2001 WY 49, ¶ 6, 23 P.3d 38, ¶ 6 (Wyo.2001). Accordingly, "we examine only the evidence which favors the prevailing party, allowing every favorable inference, while omitting consideration of any conflicting evidence." *Id.*

### Burden of Proving a New Injury

[¶ 12] The Employer first takes issue with the hearing examiner's statement that "[i]t doesn't matter who has the burden of proof; that pre-existing condition has been established as a matter of fact." Employer claims that our decisions involving similar facts indicate this statement is an incorrect statement of the law and the hearing examiner's decision should be reversed.

[¶ 13] The hearing examiner found:

The Claimant was injured while working for Dan's Supermarket in 1996. She probably suffered from pre-existing lower spine weakness and degeneration which was worsened by lifting inventory at work for that employer. She underwent a series of back surgeries following that injury and received a permanent partial disability award.

Employer refers us to *Walsh v. State ex rel. Wyoming Workers' Comp. Div.*, 931 P.2d 241

(Wyo.1997). In 1984, Walsh was hospitalized for back pain, and in 1989, he suffered a compensable work-related back injury. Walsh left that employment in 1990, and again injured his back in 1993 while working at his small farm baling hay. *Walsh*, 931 P.2d at 243. Walsh claimed that his symptoms were a continuation of the 1989 compensable injury and filed for benefits. This Court determined that he had the burden of proving that his work accident, not a preexisting condition, caused the condition and upheld the ruling that Walsh had not carried his burden. *Id.*

[¶ 14] Employer asserts that *Walsh* establishes that Pate should have had the burden of showing that her condition before the 1996 work-related injury was not responsible for her present symptoms. However, our review of the record indicates that any pre-1996 condition was not properly at issue at the hearing. As the hearing examiner determined, the Division and Employer contended that Pate had suffered a new work-related injury and her remedy lay with the private insurer of the convenience store. The Division's denial letter and prehearing memorandum showed this was the basis for its denial. Further, the Employer's prehearing memorandum conceded that "Pate was employed at Dan's when she injured her back in January, 1996," and contended that the issue to be determined at the hearing was whether Pate suffered a new injury at the convenience store.

▪▪▪ [¶ 15] We have previously ruled that "[p]leadings are used to give parties notice of the nature of claims and defenses, to narrow the issues, and to guide the parties and the court in the conduct of the case. If the pleadings and notice of hearing are to mean anything in a contested case hearing, the hearing examiner must be limited to considering only those issues presented in the notice and pleadings." *Ireland v. State ex. rel. Wyo. Workers' Comp. Div.*, 998 P.2d 398, 401 (Wyo.2000) (citations omitted). Under these circumstances, the hearing examiner could not properly impose a burden upon Pate to prove that a condition preexisting before her 1996 work-related injury was not responsible for her present condition. Ac-

cordingly, the hearing examiner did not consider it and properly stated that the cause of the 1996 work-related injury was undisputed. We find the hearing examiner made no error in failing to consider any condition existing before 1996.

[¶ 16] The Division contends that the hearing examiner erred in failing to assign Pate the burden of proving that she had not suffered a new injury, claiming that it and the Employer were given the burden of proving that the 1996 injury did not cause the 1999 symptoms. In support of this contention, it relies upon *Corman*, arguing that it "dictates that the claimant must prove her pre-existing condition from the 1996 injury caused her symptoms in 1999, because that causal relationship goes to the . . . central factual issue." The hearing examiner's order found Pate did have this burden of proof, and the Division contends that burden included proving no material aggravation caused a new injury because causation is an essential element of Pate's claim. Concerning the complex burden-of-proof issue, we have said:

> The general term, burden of proof, identifies two separate legal doctrines: the burden of persuasion; and the burden of production, also termed the burden of producing evidence or the burden of going forward with the evidence. The burden of persuasion is attached to the party "who runs the risk of nonpersuasion." During a trial, this means if the "party with the burden of persuasion has not sustained it by a fair preponderance of the evidence—if the evidence is in equipoise or the opposing party's preponderates—the party with the burden must fail." The burden of producing evidence is "the obligation of the party to present at the appropriate time . . . evidence on the issue involved of sufficient substance to permit the fact finder to act upon it." The burden of producing evidence shifts during the presentation of evidence. The burden of persuasion, which generally does not shift unless by the operation of a legal presumption, becomes operative only after all the evidence is submitted.

*Casper Iron & Metal, Inc. v. Unemployment Insur. Comm'n*, 845 P.2d 387, 393 (Wyo.1993) (citations omitted); *see also Bando v. Clure Bros. Furniture*, 980 P.2d 323, 330 (Wyo. 1999). In determining which party bears the burden of proof, we consider the applicable substantive statutes. *Casper Iron* at 393. Here, the applicable statute is Wyo. Stat. Ann. § 27–14–102(a)(xi)(F) (LexisNexis 2001): [2]

> (xi) "Injury" means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business. "Injury" does not include:

> \* \* \* \*

> (F) Any injury or condition preexisting at the time of employment with the employer against whom a claim is made[.]

[¶ 17] Generally, this language imposes the burden upon the claimant to prove that her work accident, not her preexisting condition, caused a compensable injury. *Corman*, 909 P.2d at 970. A preexisting condition is noncompensable unless the claimant can prove that the work-related injury materially aggravated the preexisting injury resulting in a compensable injury. *Brees v. Gulley Enterprises, Inc.*, 6 P.3d 128, 132 (Wyo.2000). Pate did not contend that she had materially aggravated a noncompensable preexisting condition, but instead, based her claim for benefits upon continued symptoms from the 1996 work-related injury. Accordingly, it is her burden to prove that a continuation of the 1996 work injury caused the new onset of symptoms. Regarding the Division and Employer's assertion that she also bore the burden of proving that she had not suffered a material aggravation, the hearing examiner found:

2. This subsection has not been amended since the date of injury in 1996.

[W]here the Claimant is appearing to say that her pre-existing condition is causing continuing problems which require medical treatment, and the employer is arguing that an intervening or superceding cause [3] has intervened, putting the burden of proving a negative on the claimant does not seem to be a useful or practical approach to allocating the burden of proof. If the current convenience store employer were participating in the hearing and arguing "preexisting condition," then the claimant would have the burden of proving freedom from a pre-existing condition or showing that the new employment caused a material aggravation of the pre-existing condition. However, where the former employer is appearing to urge what is essentially an intervening or superceding cause defense, the burden of proof should be placed upon the former employer to show that there actually was an intervening or superceding cause which relieves the former employer of its continuing obligation to the injured worker. Accordingly, the Office will place the burden of proof upon the former employer under these limited circumstances.

The Division and Employer claim that *Corman* does not support this rationale, and at oral argument the parties also relied upon the *Walsh* case previously discussed and *Pino v. State ex rel. Wyo. Workers' Comp. Div.*, 996 P.2d 679 (Wyo.2000).

[¶ 18] *Corman* presented the issue whether the Division had the burden to prove that Corman's neck condition preexisted his work accident. Corman recognized that he had the burden to prove that his present neck condition was work-related but contended that he did not have the burden to establish that the condition did not preexist the work-related accident. Because a preexisting condition was an exception to the definition of injury in the statute, Corman contended that the legislature intended to create the equivalent of an affirmative defense or

bar, the burden of proving which would fall on the employer or the Division.

[¶ 19] This Court analyzed the issue thus:

While Appellant's arguments have a general validity, they cannot be applied in this case to provide him relief. The first problem is his assumption that the existence of a preexisting condition creates an affirmative defense or bar.

* * * *

[A]n affirmative defense or bar is a **legal** defense to a claim, as opposed to a **factual** dispute as to an essential element of the claim. The claimant bears the burden of proof as to the latter, while the contestant bears the burden of proof as to the former. This dichotomy is preserved in Wyo. R.Civ.P. 8 and 12, which allow "matter[s] constituting an avoidance" to be heard **as questions of law,** on motion prior to any trial on the merits.

When viewed in this light, the issue of the existence of a preexisting condition is indistinguishable from the central factual issue—did the injury "arise out of and occur in the course of employment?" If the injury resulted from a preexisting condition, rather than from the work-related accident, no compensable injury occurred. Consequently, when there is a conflict in the evidence as to this question, the claimant must prove by a preponderance of the evidence that the injury was work-related and not preexisting.

*Corman,* 909 P.2d at 969. *Corman* recognized, however, that another decision seemed to conflict with its decision and said:

In seeming conflict with this reasoning, this Court has previously held that the issue of an employee's culpable negligence in causing his own injuries must be raised as an affirmative defense, with the employer bearing the burden of proof on such issue. *Hotelling v. Fargo–Western Oil Co.,* 33 Wyo. 240, 246, 248, 238 P. 542, 544 (1925). Culpable negligence, like preexisting condition, is one of the exceptions to compensable injury found in Wyo. Stat. § 27–14–102(a)(xi). A close reading of *Ho-*

---

**3.** The hearing examiner had previously noted that, in this case, alleging an intervening or superceding cause, was, in the parlance of workers'

compensation law, an allegation there was sufficient material aggravation of a preexisting condition on or about September 16, 1999.

*telling,* however, reveals a decision precisely in line with our holding today. In *Hotelling,* the Court presupposed an "injury sustained in extrahazardous employment as defined by the statute." In other words, the employee had already presented a *prima facie* factual case of compensability. It then became the employer's burden to prove his legal avoidance theory—his affirmative defense—culpable negligence. That is the same logic applied today in retaining the employee's duty to prove a compensable injury.

*Corman,* 909 P.2d at 970.

[¶ 20] The hearing examiner applied that logic here. Pate had presented a prima facie factual case of compensability, and the employer and Division were seeking to legally avoid their responsibilities that had arisen because of the 1996 injury. Under these limited circumstances, the hearing examiner did not err.

[¶ 21] As already seen, *Walsh* does not apply because the 1996 work-related injury was conceded, and *Pino* does little more than reaffirm that claimants have the burden of establishing all the statutory elements which comprise a compensable injury by a preponderance of the evidence. *Pino,* 996 P.2d at 684. *Pino* discussed burden of proof related to the second compensable injury rule, specifically ruling that Pino had the burden of proving the essential element of causation. *Id.* at 685. A workplace accident resulted in a mild disc bulge in Pino's spine. He received treatment, but continued to experience pain that occasionally required him to miss work. About twenty-one months after his accident, the disc herniated when Pino coughed. We held that Pino had carried his burden of proving that the herniation was compensable because it resulted from the initial accident. *Id.* at 687. Neither *Walsh* nor *Pino* require that we find that the hearing examiner erred.

### Evidentiary Support for Decision

[¶ 22] Employer contends that the hearing examiner ignored the unequivocal statement of Pate's treating neurosurgeon that her pain symptoms were the result of her recent lifting injury in September, and instead, the hearing examiner chose to rely upon his own evaluation of a radiological report. The Division claims that the hearing examiner's statement that the search for evidence of material aggravation turned up negative results is proved inaccurate by examining various statements that Pate made to doctors indicating that she had suffered a material aggravation of her back condition on September 16, 1999.

[¶ 23] A review of the entire record indicates that Pate's pain was a chronic condition from the time of her 1996 injury. The pain caused her to undergo several surgeries in an attempt to alleviate it and continued as she went about routine activities. After her return to work, Pate experienced pain symptoms and did so on September 16, 1999; however, she continued to work that day and for almost a month before she sought medical advice as to whether she had suffered a new injury.

[¶ 24] The hearing examiner found that radiological reports showed that Pate had not suffered a new injury and her pain symptoms were most likely a continuation of her chronic condition. Two of Pate's treating physicians provided testimony that her pain had worsened but because radiological reports reflected no changes, it was their opinion that she had not suffered a new injury. A third doctor, to whom Pate had been referred, stated in a letter that Pate was suffering severe right leg discomfort consistent with sciatica. It was his opinion that this most recent leg pain is a new onset problem and the result of her recent lifting injury in September. The hearing examiner, however, reconciled this observation with other medical evidence indicating that Pate's migratory and intermittent pain could be caused by the scar tissue resulting from the multiple surgeries and that the scar tissue would cause some impingement upon the roots of the sciatic nerves. The hearing examiner ruled that this explanation was confirmed by the radiology report, and supported a finding that no doctor had found evidence of a new injury. These findings are supported by the evidence and formed the basis of the hearing

examiner's reasonable conclusions. The order granting benefits is affirmed.