37 P.3d 373 (2001)
2001 WY 136
In the Matter of the Worker's Compensation Claim of Denise HALL, Appellant (Petitioner),
v.
STATE of Wyoming ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Respondent).
No. 01-1.
Supreme Court of Wyoming.
December 28, 2001.
*375 Representing Appellant: David M. Gosar, Jackson, WY.
Representing Appellee: Gay Woodhouse, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Gerald L. Laska, Senior Assistant Attorney General; David L. Delicath, Assistant Attorney General.
Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.
GOLDEN, Justice.
[¶ 1] This appeal presents the issue of whether Appellant Denise Hall, who was seeking worker's compensation benefits, failed in her burden of proving causation when two of her treating physicians testified that her lower back pain symptoms were caused by a 1997 uncontested work-related accident. After Hall established that a type of spinal fracture known as a pars defect was causing her back pain, the Wyoming Workers' Compensation Division relied on evidence that a pars defect as well as other lower back injuries had existed since Hall was injured in a 1995 non-work related automobile accident. The hearing examiner denied worker's compensation benefits for failure of proof.
[¶ 2] Our review of the entire record does not show that Hall provided sufficient evidence establishing causation, and we affirm the order denying benefits.

ISSUES
[¶ 3] Hall presents this statement of the issues:
I. Did the hearing examiner err as a matter of law when, contrary to this Court's decision in Pino v. State, 996 P.2d 679 (Wyo.2000), which provides that an employee/claimant's physicians only need testify that a workplace accident "contributed to," "probably," or "most likely" caused an injury, he disregarded the testimony of two physicianswho undisputedly satisfied this standardbecause they did not testify to a "high degree of surety?"
II. Is the order denying benefits supported by substantial evidence when, on the one hand, employee/claimant's testimony and the testimony of two physicians supported her claim while, on the other, no physician testified for the Division, but instead, it relied on speculation and inferences drawn from ambiguous medical records?
The Division contends that the sole issue for our review is:
1. Did the hearing examiner correctly determine that Appellant failed to prove every element of her claim?

FACTS
[¶ 4] Hall was injured in a work-related accident on December 3, 1997. She sought medical treatment from Dr. Franklin Rivers on the same day of the accident, and typed notes from that visit stated that she complained of "pain in the neck, primarily the right side and multiple contusions and abrasions obvious over the right side of her torso and right leg." The doctor's notes also referred her for three chiropractic treatments in the next week. Dr. Rivers ordered x-rays of Hall's cervical spine but none were taken of her lower back. Dr. John Zendler, a chiropractor, also examined Hall on December 3, 1997, and documented "lower back complaints as well as upper back and neck complaints." Dr. Zendler continued to treat Hall through January of 1999. Dr. Ron Gooder testified that on Hall's several visits to him between June and November of 1997, he did not treat Hall for back pain. He did not treat her after her work-related accident; however Dr. Gooder did treat Hall for back pain on July 28, 1998, and his notes indicated that Hall was suffering from chronic muscle back pain at least partly aggravated by work.
[¶ 5] Hall filed for benefits and, initially, the Division paid them. Benefit payments are not in the record on appeal; however, the Division asserts that it paid thousands of dollars in uncontested medical benefits until April 21, 1999, when it denied a $400.00 claim and Hall's request for temporary total disability benefits. Hall objected to these denials, and a hearing followed.
*376 [¶ 6] Hall presented medical reports and the testimony of Drs. Zendler and Gooder. The evidence showed that after her 1997 work-related accident, Hall received a number of treatments for lower back pain. On September 22, 1998, Hall sought medical treatment for lower back pain after a softball game and again on October 18, 1998, after a semi-trailer truck door struck her. An x-ray taken after the latter incident indicated that she had suffered a bilateral pars defect[1] at the L-5 vertebrae. Dr. Zendler testified that Hall had not reported having suffered any previous lower back complaints before her work-related injury in 1997, and, based on this absence of lower back pain, he concluded that the bilateral fracture was sustained during the 1997 work-related accident. Dr. Zendler did not believe that the bilateral pars defect was caused by the truck door striking Hall because mild degeneration associated with it indicated an older injury.
[¶ 7] The Division established that Hall had suffered a lower back injury in a car accident in 1995. It presented MRI films taken of Hall's lower back in 1995 showing a pars defect at L-5, and medical records indicating a number of treatments for lower back pain and a diagnosis of spondylolisthesis.
[¶ 8] The hearing examiner issued an order finding that Hall was injured while within the scope of her employment on December 3, 1997, and treated for neck pain and contusions over the right side of her torso and right leg as a result of her injury. She had x-rays taken of the cervical area of her spine, and the treating doctor prescribed chiropractic treatment and released her from work. It found that Hall was requesting medical benefits for lower back pain; she had been treated for low back pain prior to December 3, 1997, and diagnosed with spondylolisthesis at L5-S1 and disc protrusion at L4-L5 as early as 1995. The order further found "[t]he treating doctor of Employee/Claimant cannot say with a high degree of surety that [h]er low back pain and current treatment is related to her injury in December, 1997." The order found that Hall "argues her symptoms had all resolved prior to her injury in December, 1997, and that her present condition stems from the December, 1997 injury." The order stated that "Employee/Claimant has a history of back problems which have required medical treatment on numerous occasions both prior to December 1997, and subsequently. She has not established by a preponderance of the evidence that the treatment she is requesting is directly related to the one injury that occurred in December, 1997."
[¶ 9] In its conclusion of law, the hearing examiner stated that Hall had not met her burden of proof "establishing a medical condition she currently has is related to the injury of December 3, 1997," and denied the claim for medical benefits and temporary total disability. The district court certified the case to this Court pursuant to W.R.A.P. 12.09.

DISCUSSION

Standard of Review
[¶ 10] When the party charged with the burden of proof has failed to meet that burden, we review the case under the arbitrary, capricious, abuse-of-discretion, or otherwise-not-in-accordance-with-law standard. Keck v. State ex rel. Wyo. Workers' Safety and Comp. Div., 985 P.2d 430, 432 (Wyo.1999); City of Casper v. Utech, 895 P.2d 449, 452 (Wyo.1995). Under the arbitrary, capricious and abuse-of-discretion standard, we are charged with examining the entire record. Wyo. Stat. Ann. § 16-3-114(c) (LexisNexis 2001); Utech, 895 P.2d at 452.
[¶ 11] In our examination and review of a hearing examiner's determination, we defer to the hearing examiner's findings of fact. We will examine conflicting and contradictory evidence to see if the hearing examiner reasonably could have made its findings based on all the evidence before it. The findings of fact may include determinations of witness credibility, as the hearing examiner is charged with determining the *377 credibility of the witnesses. In our review, we will not overturn the hearing examiner's determinations regarding witness credibility unless they are clearly contrary to the overwhelming weight of the evidence. Hurley v. PDQ Transport, Inc. 6 P.3d 134, 137 (Wyo. 2000).
[¶ 12] When we review mixed questions of law and fact, our standard has been stated this way:
When an agency's determinations contain elements of law and fact, we will not treat them as findings of fact. We extend deference only to agency findings of "basic fact." When reviewing a finding of "ultimate fact," we divide the factual and legal aspects of the finding to determine whether the correct rule of law has been properly applied to the facts. If the correct rule of law has not been properly applied, we do not defer to the agency's finding but correct the agency's error in either stating or applying the law.
Union Pacific R.R. Co. v. State Bd. of Equalization, 802 P.2d 856, 860-61 (Wyo.1990).
[¶ 13] We review an administrative agency's findings of fact by applying the substantial evidence standard. Our task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. Frontier Refining, Inc. v. Payne, 2001 WY 49, ¶ 6, 23 P.3d 38, ¶ 6 (Wyo.2001). Accordingly, "we examine only the evidence which favors the prevailing party, allowing every favorable inference, while omitting consideration of any conflicting evidence." Id.

Burden of Proof
[¶ 14] The Division's uncontested award of benefits is not a final adjudication that precludes the Division from challenging future benefits. Tenorio v. State ex rel. Wyoming Workers' Compensation Div., 931 P.2d 234, 239 (Wyo.1997). The statutory language of the Wyoming Workers' Compensation Act confers finality on the benefits paid to the employee through uncontested determinations, subject to the exceptions found in Wyo. Stat. Ann. § 27-14-605. Id. The statutory language, however, does not guarantee a claimant future benefits on the basis of a prior award nor does public policy favor the payment of an unjustified worker's compensation claim. Id. Therefore, an employee/claimant must prove that he was entitled to receive benefits for all outstanding claims despite previous awards for the same injury. Id. The doctrines of res judicata and collateral estoppel apply in workers' compensation claims when adjudicated before the Office of Administrative Hearings. Id.; Matter of Workers' Compensation Claim of Hemme, 914 P.2d 824, 827 (Wyo.1996); Stockdale v. Transystems Services, Inc., 908 P.2d 980, 983 (Wyo.1995); Matter of Swasso, 751 P.2d 887, 890-91 (Wyo.1988). Subject to the provisions of Wyo. Stat. Ann. § 27-14-605(a), the Division is estopped from redetermining the compensability of an injury as it relates to claims which have been approved or paid. Tenorio, at 239; Martinez v. State ex rel. Wyo. Workers' Comp. Div., 917 P.2d 619, 622 (Wyo.1996); Herring v. Welltech, Inc., 660 P.2d 361, 366 (Wyo.1983).
[¶ 15] In this case, the Division cannot contest the compensability of Hall's original claim or retract any payments already made to her. Because the Division contests the present claim for $400.00 and temporary total disability benefits, however, Hall must prove that these claims are the result of her work-related injury. The Division is entitled to present evidence that Hall's present symptoms were caused or partially caused by her car accident, or to assert that Hall has suffered a new injury that is not compensable.
[¶ 16] Hall's medical evidence established that her lower back pain is caused by a bilateral pars defect. Dr. Zendler testified that the bilateral pars defect occurred during her 1997 work-related accident. The Division developed evidence that a pars defect existed in 1995, two years before her work-related accident occurred in 1997. In cross-examination, Dr. Gooder did not believe that the 1995 pars defect had any *378 relationship to Hall's present pain symptoms. Dr. Zendler testified that the 1995 films did not indicate a bilateral pars fracture, and he stated that he could not be sure if it was the cause of Hall's later lower back pain complaints. He reiterated his opinion that because Hall had no history of lower back pain until after the work-place injury, that accident caused a bilateral pars fracture due to trauma and continued to cause Hall pain symptoms. The Division asked Dr. Zendler whether his opinion would remain unchanged if he were to become aware of prior complaints of pain before December 3, 1997, and Dr. Zendler responded noncommittally that it would depend on the time and cause of those back problems. From this evidence, the hearing examiner found that the physician's evidence did not provide a "high degree of surety" that Hall's present symptoms were caused by her work-related accident.
[T]he causal connection between an accident or condition at the workplace is satisfied if the medical expert testifies that it is more probable than not that the work contributed in a material fashion to the precipitation, aggravation or acceleration of the injury. We do not invoke a standard of reasonable medical certainty with respect to such causal connection. Testimony by the medical expert to the effect that the injury "most likely," "contributed to," or "probably" is the product of the workplace suffices under our established standard....
[U]nder either the "reasonable medical probability" or "more probable than not" standard, [a claimant succeeds] in demonstrating the causal connection by a preponderance of the evidence.
Pino v. State ex rel. Wyo. Workers' Safety & Comp. Div., 996 P.2d 679, 685 (Wyo.2000). Although Hall is correct that the applicable standard is not a "high degree of surety," the issue presented is whether the hearing examiner was entitled to find Hall's medical evidence not credible.
[¶ 17] Reviewing the entire record, the evidence before the hearing examiner showed that a pars defect was causing Hall's pain symptoms, that Hall had a preexisting pars defect and disk protrusions, that one doctor testifying on Hall's behalf had found the preexisting pars defect irrelevant without reason, and that another doctor had testified that he was unaware of previous lower back pain injuries or symptoms. On this record, the hearing examiner was entitled to determine that Hall's medical evidence was not credible. Having made that basic finding, the hearing examiner properly concluded that Hall had not established causation between her work-related accident and her present pain symptoms, thus failing in her burden to prove every essential element of her claim.
[¶ 18] Addressing the Division's alternate claim, the Division bore the burden of proving that Hall's present pain symptoms were caused by a new injury. Dan's Supermarket v. Pate, 2001 WY 104, ¶¶ 19, 20, 33 P.3d 1121, ¶¶ 91, 20 (Wyo.2001). The evidence established that Hall had suffered subsequent incidents that required medical attention, and after the truck door struck her, an x-ray indicated that Hall had suffered a bilateral pars defect at some point. Dr. Zendler testified that the bilateral pars defect that first showed after Hall was struck by the truck door was actually suffered two years earlier. The Division did not present any evidence refuting this or showing that the bilateral pars defect was caused by the subsequent incident, thus failing in its burden of proving a new injury. Nevertheless, we can affirm the hearing examiner's order denying benefits on the basis earlier discussed, that Hall failed to establish causation and the evidence supports the hearing examiner's conclusion that Hall failed in her burden of proof.
NOTES
[1] Dr. Zendler testified that a pars defect is a fracture of the pars intra-articularis, two small pieces of bone arising from the vertebrae. It was unclear from his testimony whether more than one injury can occur from a pars defect.